MINNIE WAYNESBORO, *Committee, etc. v.* SAM LOPINSKY, *Executor, etc., et al.*

(No. 8059)

Submitted October 22, 1935. Decided November 5, 1935.

*C. E. Kimbrough, Sr.,* for appellant.

*M. H. Bowyer, D. L. Salisbury, W. W. Wertz* and *J. E. Springston,* for appellees.

WOODS, JUDGE:

Minnie Waynesboro, as committee of Bernard Waynesboro, a convict, complains of the action of the circuit court of Kanawha County in sustaining a demurrer to, and dismissing, her bill, wherein she sought to enjoin the execution of a certain writ of possession issued in aid of the final decree in the suit of John Booker Wooster and Sam Lopinsky, executor of

the estate of Clara Brown, deceased, against Marcus Smith, committee of Bernard Waynesboro, a convict, Minnie Waynesboro and Gorden Waynesboro.

Wooster, as sole beneficiary, and Lopinsky, as executor, of decedent's estate, had, in the suit aforesaid, set up claim to a certain house and lot, legal title to which was, at the time, outstanding in the name of Minnie Waynesboro, on the theory that such property had in fact been purchased by Bernard Waynesboro with money coming into his hands as executor of the estate of Julius Brown, to which said Clara Brown, as widow of Julius Brown, was entitled at the time of her death. A decree *pro confesso* was taken therein against Minnie Waynesboro. Marcus Smith, as committee, appeared and answered, admitting all the material allegations of the bill. Depositions were taken. The court found that the property in question had been purchased with trust money, and that Wooster was entitled to have the same transferred to him.

The bill in the instant case sets out that Bernard Waynesboro did not purchase the property with trust funds, but with his own money; that before and at the time of the conveyance to Minnie Waynesboro it was distinctly understood that she, as grantee, would at all times hold legal title to the property for the sole and only use of Bernard Waynesboro, and would, upon the request of the latter, convey legal title to him or to whomsoever he might direct; that on May 3, 1930, Bernard Waynesboro began serving a five year term in the Federal penitentiary in Atlanta; that on May 12, 1930, his wife, Minnie Waynesboro, was duly appointed and qualified as committee for him; that sometime after the death of Clara Brown, a purported will was probated, in which Wooster was the sole beneficiary; that on March 2, 1933, Wooster, or others for him, without notice to or removal of, plaintiff, caused the county court to make a pretended appointment of Marcus Smith as committee of Bernard Waynesboro; and that immediately thereafter suit was instituted against said Smith, as pretended committee, Minnie Waynesboro and Gorden Waynesboro, for the purpose of establishing a trust in favor of Wooster in the property on the ground that it was purchased by trust money.

Plaintiff takes the position that the appointment of Marcus Smith was void, and that therefore the property of her ward, Bernard Waynesboro, was not before the court.

The general rule is that there cannot be two valid grants of administration on the same estate at the same time, within the same state jurisdiction, and that the second is a nullity, while the first continues. *Hutchinson* v. *Priddy,* 12 Grat. 85; 23 C. J. 1053. The only exception is where there has been only a temporary commitment of such estate to the sheriff as curator thereof, pending the determination of the right of administration by the county court. *Butcher* v. *Kunst,* 65 W. Va. 384, 64 S. E. 967. In the instant case Minnie Waynesboro had been regularly appointed as committee for her husband; hence, the subsequent appointment of Smith was absolutely void. And this being the situation, Waynesboro was without representation in Wooster's suit. Under Code 1931, 28-5-33, 36, it is provided that no suit can be brought by or against a convict, but that suits involving rights of a convict must be by or against a duly appointed and qualified committee. Defendants in the instant case urge that the inclusion of Minnie Waynesboro as a party defendant in the Wooster suit was sufficient. There was nothing in the summons indicating that she was being proceeded against in a representative capacity. Where a person is made party defendant, and nothing appears in the pleading to indicate that he was being proceeded against in his representative capacity, a judgment or decree entered in such suit does not bind the estate of the ward. 24 C. J. 824. In view of the foregoing propositions of law, we are compelled to hold that Bernard Waynesboro was and is a stranger to the suit and decrees herein complained of, and is entitled to an injunction restraining the execution of the writ of possession pending determination of the cause on its merits.

So believing, we are of opinion that the learned chancellor erred in sustaining the demurrer to the bill of complaint and in dismissing same, and in dissolving the injunction.

*Reversed and remanded.*