20862

In the Matter of John E. BISHOP, Respondent.
(251 S. E. (2d) 748)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Richard B. Kale, Jr.* and *Keith M. Babcock,* Columbia, *for complainant.*

Respondent not represented by counsel.

January 25, 1979.

*Per Curiam:*

This matter is before the court on recommendation of The Board of Commissioners on Grievances and Discipline that respondent, John E. Bishop, an attorney, be permanently disbarred from the practice of law in this State because of serious and flagrant professional misconduct which tended to pollute the administration of justice and to bring the legal profession into disrepute. Respondent was found guilty of advancing money to clients in violation of Disciplinary Rule 2-103(B); and guilty of the violation of DR1-102(A)(3) and (4), DR9-102(A)(2) and (B)(3), and DR6-101(A) (3) by his continual personal and business use of client and other trust funds, his neglect of legal matters, and· his failure to maintain an account for clients' funds.

We shall not attempt a detailed review of the facts. It is sufficient to point out that they reveal a complete disregard

of the professional responsibilities imposed upon lawyers and we agree with the Board of Commissioners on Grievances and Discipline that respondent should be permanently disbarred because of his violation of the foregoing Disciplinary Rules.

At the hearing of this matter, members of the court raised the question of whether a guardian ad litem should be appointed for respondent, since he did not appear and was serving a five (5) year prison sentence. Subsequent investigation, however, develops facts which clearly show a waiver by respondent of any right to be represented by a guardian ad litem.

This proceeding was instituted by the service of a complaint on or about July 21, 1977, to which respondent, acting as his own attorney, filed an answer, dated August 3, 1977. An amended complaint was subsequently served on the respondent and he filed an answer thereto on or about September 19, 1977. Under date of September 16, 1977, an order was issued by this court temporarily suspending respondent from the practice of law until the conclusion of the pending grievance proceeding.

The Hearing Panel, assigned to hear the charges against respondent, met in Columbia, South Carolina, on October 25, 1977, to consider this matter. Respondent was given notice of this hearing and a request was received from him by letter on October 12, 1977 requesting a continuance. A letter to respondent denying this request continuance was accepted on October 14, 1977. The record indicates information that respondent had left and gone to San Francisco, California.

Respondent was arrested in San Francisco on December 30, 1977 and has been confined in prison since that time. In other words, respondent was not confined at the time of the Panel Hearing on October 25, 1977, and was duly notified of that hearing as shown by his request for continuance.

Since the Panel Hearing, respondent has twice attempted to end the disciplinary proceeding by voluntarily ending his membership in the South Carolina Bar. He first tendered his resignation from the Bar by letter dated January 31, 1978. This was denied and respondent then submitted a letter on July 25, 1978 tendering a request to be permitted to consent to disbarment. This request was also refused.

This matter was brought before the court by a Rule to Show Cause which was served on respondent by depositing a copy of the order in the United States mail, registered with return receipt requested. The return receipt showed delivery of the order on September 6, 1978 to the address of the Blue Ridge Pre-Release Center, where respondent had been confined since April 20, 1978. While respondent did not appear, personally or through counsel, at the hearing before this court, it appears that the nature of his participation in the work release program made it possible for arrangements to have been made for him to appear at the hearing before this court, if he had so desired.

Section 15-5-320 of the 1976 Code of Laws provides for the appointment of a guardian ad litem to represent imprisoned persons in actions by or against them as follows:

A person imprisoned in this State or any other state shall appear by guardian ad item in an action by or against him.

Code Section 15-5-370 provides the procedure for the appointment of guardian ad litem for imprisoned persons.

Unlike an infant or insane person, a prison inmate is not legally incompetent to transact business. The basis for the appointment of a guardian ad litem for a prison inmate is not mental deficiency, but the physical restraint of imprisonment. Since this is true, an inmate may waive the appointment of a guardian ad litem. *Green v. Boney,* 233 S. C. 49, 103 S. E. (2d) 732; *Cobb v. Garlington,* 100 S. C. 51, 84 S. E. 302.

Since the right to the appointment of a guardian ad litem in such cases can be waived, the question is whether there was a waiver in this case.

Respondent was an attorney and represented himself. He was not in prison at the time of the Panel Hearing and had previously filed answers to the complaints and requested a continuance. His right to have a guardian ad litem appointed accrued, if at all, therefore, on December 30, 1977, about sixty (60) days after the Panel Hearing, at which the testimony was taken.

Respondent, an attorney, representing himself and clearly cognizant of the disciplinary proceedings pending against him and while under temporary suspension from the practice of law, addressed a letter to the court seeking to voluntarily resign from the profession. In addition, he subsequently presented a request to be permitted to consent to disbarment. In the light of these actions by respondent, the only conclusion to be drawn is that he deemed it advisable to voluntarily withdraw from the practice of law in South Carolina. A guardian ad litem could only have made such announcement to the court.

We think it clear that respondent waived any right he may have had to the appointment of a guardian ad litem.

The findings and recommendations of The Board of Commissioners on Grievances and Discipline are, therefore, affirmed; and respondent is permanently disbarred from the practice of law in this State. He shall within five (5) days from the service of this opinion deliver his certificate of admission to practice to the clerk of court for cancellation.