**Paul KIRK**

v.

**UNITED STATES.**

**Civ. A. No. 83–0558–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 3, 1984.

Paul Kirk, pro se.

Robert W. Jaspen, Asst. U.S. Atty., Richmond, Va., for United States.

## OPINION

WARRINER, District Judge.

This is a federal Tort Claims Act filed by plaintiff seeking damages of $2,599.00 for the loss of a finger ring and "sensitive legal documents" missing from his cell when prison guards negligently left his cell door open in his absence. Plaintiff is now incarcerated in Talladega, Alabama. The case is set for trial on 13 August.

Though plaintiff filed no motion for a writ of habeas corpus *ad testificandum*

the Court entered an order on 18 July directing plaintiff to show cause why such a writ should issue. The Court set forth the criteria for such a motion by quoting from *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976).

 Rather than respond to the *Stone* criteria, plaintiff filed a brief arguing his absolute right to be transported from Alabama to Virginia on the trial date in order to prosecute his action. Defendant did not take issue with plaintiff's legal position but contented itself with suggesting that he should pay a part of his costs or that the matter should be continued pending plaintiff's parole.

I do not agree with plaintiff nor do I concur in defendant's acquiescence. Plaintiff has no right to be transported at taxpayer's expense for the trial of the case. *Price v. Johnston*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1060–61, 92 L.Ed. 1356 (1948). The matter is discretionary with the trial court. The discretion of the trial court should be informed by the *Stone* criteria and other facts and circumstances similar thereto. I will consider them as set forth in the order of 18 July.

Given that plaintiff, a prisoner, cannot ordinarily be released to travel about the country but must be escorted by a guard or guards and that he must be kept secure en route, secure here in Richmond, and secure on return to Alabama, it appears to me that the costs to the taxpayers of bringing plaintiff to Richmond are disproportionately large in comparison with the amount in issue. It would probably be cheaper for the taxpayers to pay him than to transport him.

Plaintiff received a 25-year sentence for bank robbery. It is obvious that the sentencing Court considered plaintiff's crime to be a substantial one and by its nature it involves violence. He is without doubt a security risk and presents a potential danger to the community.

While "sensitive legal papers" may be priceless, most of the legal papers I have seen coming from prisoners over the past ten years are much closer to worthless. I have grave doubt that there is any substantiality to the claim that the loss of the legal papers caused any damage to plaintiff much above a pittance or an inconvenience. The finger ring may be of substantial value. It is extremely doubtful, however, that an intelligent human being would wear a finger ring in a prison that could fairly be valued in the hundreds of dollars.

There is no need for an early determination of the matter since all plaintiff seeks is damages and the defendant is believed to be solvent.

While it cannot be determined when plaintiff is likely to be released, his parole eligibility date is less than a year away.

From the pleadings in the case it appears that success is not likely. His administrative efforts under the Federal Tort Claims Act were unsuccessful and as the matter is presented by the pleadings at issue is a credibility question only. Plaintiff claims he told guards to shut the door to his cell, they failed to do so, and his property was missing when he got back. The guards say they shut the door in question and that no one was present on the tier who could have taken plaintiff's property. In a swearing contest between convicted felons and prison guards, prison guards generally have the edge.

The prison system, quite naturally, will be disrupted by being required to transport the plaintiff from Alabama to Richmond and if such transportation became the rule in cases of this sort there would be a multiplication of FTCA cases and the disruption would be more intense.

Given that credibility is the primary issue, it cannot be doubted that plaintiff has a substantial interest in presenting his testimony in person. This observation is made in the abstract since plaintiff's demeanor and the like may detract from his ability to persuade.

 Having thus weighed the Stone criteria and having cast my mind about for other things to weigh in the balance, I

conclude that a petition for writ of habeas corpus *ad testificandum* should not issue.

The Court will consider appropriate alternatives posed by plaintiff within ten days of the entry hereof. Alternatives that come to mind of the Court are that plaintiff might wish to proceed by affidavit, by deposition, by tape recording, by videotape, by the administrative record, or other such means of presenting his case. Another alternative may be a stay on the case for, say, twelve months so that it may be learned whether plaintiff is released from prison and can come to Richmond at his own expense to prosecute his action. Any other suggestion which plaintiff has will be considered.

And it is so ORDERED.