331 S.E.2d 510

**Robert Gary CRAIGO**

v.

**Fred MARSHALL, et al.**

**David Lee CARR**

v.

**Honorable John HEY, Judge, etc.**

**Nos. 16613, 16614.**

Supreme Court of Appeals of
West Virginia.

Submitted April 23, 1985.

Decided June 6, 1985.

Victor A. Barone, Charleston, for petitioners.

Miles C. Cary, Charleston, for respondent Fred Marshall.

No appearance for respondent John Hey, Judge.

MILLER, Justice:

We have consolidated these cases because they involve the same legal issue of whether a prisoner may file a civil action without having a committee appointed. The petitioners, David Carr and Robert Craigo, are both serving sentences in excess of one year at the State penitentiary in Moundsville. In 1984, each of them filed a civil action in the Circuit Court of Kanawha County. Petitioner Carr's suit was a civil action against two residents of Kanawha County who allegedly perpetrated a fraud on him while he was detained in the Kanawha County Jail. Petitioner Craigo's suit was essentially a civil rights action against Charleston city police officials and the mayor of Charleston.

Both civil actions were dismissed, *sua sponte*, by the circuit court on the ground that W.Va.Code, 28–5–36, prevents inmates from filing suit except through a committee appointed by a county commission pursuant to W.Va.Code, 28–5–33. We believe this to be error.[1]

W.Va.Code, 28–5–33, authorizes the appointment of a committee, on the motion of any interested party, when a person "is confined in the penitentiary of this or any other state, or of the United States, under sentence for one year or more, or to suffer death." W.Va.Code, 28–5–36, provides that a committee may sue and be sued on behalf of a convict for all causes of action which he might sue or be sued upon if he had no such incarceration.[2]

In Syllabus Point 1 of *Waynesboro v. Lopinsky*, 116 W.Va. 551, 182 S.E. 283 (1935), we stated that under W.Va.Code, 28–5–36, prisoners under penitentiary sentence of one year or more must sue or be sued through a duly qualified committee.[3] *See also State ex rel. Acton v. Flowers*, 154 W.Va. 209, 174 S.E.2d 742 (1970); *Craft v. Inland Mut. Ins. Co.*, 145 W.Va. 670, 116 S.E.2d 385 (1960); *Nibert v. Carroll Trucking Co.*, 139 W.Va. 583, 82 S.E.2d 445 (1954). However, in none of these cases did we actually uphold a dismissal of an action on the ground that no committee had been appointed.[4]

---

1. Both individuals filed papers with this Court styled in mandamus. Since their cases were dismissed, we have elected to treat the matters as appeals.

2. W.Va.Code, 28–5–36, provides, in pertinent part:

   "Such committee may sue and be sued in respect to debts due to or from such convict, and respecting all other causes of action for which the convict might sue or be sued had no such incarceration taken place, and shall have the privilege of an administrator as to the right of retaining his own debt. No action or suit shall be instituted by or against such convict after he is incarcerated, and all actions or suits to which he is a party at the time of his incarceration shall abate, and continue so until revived by or against the committee, whose duty it shall be to prosecute or defend, as the case may be."

3. Syllabus Point 1 of *Waynesboro* states: "In this state a person under penitentiary sentence for one year or more can sue or be sued only through a duly appointed and qualified committee. Code 1931, 28–5–33, 36."

4. In *Waynesboro*, the convict's wife had been appointed as his committee. Despite this valid appointment, the plaintiff creditor had a second committee appointed and sued the second committee and the convict's wife individually. The convict himself was never named as a defendant. The Court held that the convict's estate was not bound by a judgment against the defendants, because the second appointment was invalid and the wife was not sued as the convict's committee. In *Acton, Craft*, and *Nibert*, we allowed persons who were convicted but not confined in the penitentiary to maintain actions in their own names. In *Mitchem v. Melton*, 167 W.Va. 21, 277 S.E.2d 895 (1981), we discussed the right of jail prisoners to bring an action under 42 U.S.C. § 1983; however, no issue was

Our Code provisions were derived from Va.Code 1860, c. 213, §§ 6 and 7, which were enacted to alleviate the harsh common law rule allowing a convict to be sued, but not to appear in court to defend his case or to bring his own actions. *See Merchant's Adm'r v. Shry*, 116 Va. 437, 82 S.E. 106 (1914). We spoke to this issue in *Martin v. Long*, 92 W.Va. 624, 627, 115 S.E. 791, 792 (1923), where a convicted felon made a contract while out on bail. In a suit for breach of contract, he contended that the contract was invalid because it was made at a time when he was under a criminal conviction. In rejecting this contention, we stated:

> "Whatever may have been the status of such a person at the common law—and we find many expressions even in the early cases which seem to limit the application of the civiliter mortuus idea to particular cases—we think our Constitution (Art. 3, Sec. 18) and statutes (Sec. 4, Chapter 152, Barnes' Code, 1918,), abolishing corruption of blood and forfeiture of estate on conviction of a felony, plainly preserves the property rights of one so convicted. *Haynes v. Peterson*, 125 Va. 730, 100 S.E. 471, 6 A.L.R. 1456; 2 Kent, Commentaries, p. 386."

Most courts which have recently addressed the issue of whether an incarcerated person may bring a civil action in his own name have concluded that he may do so. *See Payne v. Superior Court*, 17 Cal.3d 908, 553 P.2d 565, 132 Cal.Rptr. 405 (1976) (in bank); *Chesapeake Utilities Corp. v. Hopkins*, 340 A.2d 154 (Del.1975);

*Bilello v. A.J. Eckert Co.*, 42 A.D.2d 243, 346 N.Y.S.2d 2 (1973); *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn.1975); *Matter of Bishop*, 272 S.C. 306, 251 S.E.2d 748 (1979); *Dunn v. Terry*, 216 Va. 234, 217 S.E.2d 849 (1975). *See generally* Special Project, *The Collateral Consequences of a Criminal Conviction*, 23 Vand.L.Rev. 929, 1023 (1970) (asserting that in most states, a prisoner has the capacity to bring suit in his own name).[5]

Several rationales have been offered in support of this conclusion. The South Carolina and Virginia courts have taken the position that their statutes regarding suits by a committee or a guardian ad litem are procedural protections for the benefit of the convict and consequently he may waive their protection by electing to sue without the benefit of a committee. *Matter of Bishop, supra; Cross v. Sundin*, 222 Va. 37, 278 S.E.2d 805 (1981). In Virginia, the same rationale applies when he is sued. If he does not raise the right to have a committee appointed, it is waived. *Dunn v. Terry, supra.*

The federal courts have held on due process and equal protection grounds that prisoners cannot be denied access to the courts.[6] *See, e.g., Holman v. Hilton*, 712 F.2d 854 (3d Cir.1983); *Wimberly v. Rogers*, 557 F.2d 671 (9th Cir.1977); *Thompson v. Bond*, 421 F.Supp. 878 (W.D.Mo.1976); *Delorme v. Pierce Freightlines Co.*, 353 F.Supp. 258 (D.Or.1973).[7]

There are substantial policy reasons for permitting a convict to bring a suit directly

---

raised as to their status under W.Va.Code, 28–5–36.

**5.** The American Bar Association has also concluded that convicts should be allowed to "initiate and defend suit in any court in their own names under procedures applicable to the general public." Standards for Criminal Justice § 23–8.5(a) (1981).

**6.** The state statutes come into play in the federal courts by virtue of Rule 17(b) of the Federal Rules of Civil Procedure, which states in material part that: "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile."

**7.** A number of federal courts have held that state "civil death" statutes cannot prevent pris-

oners from bringing federal civil rights actions. *See Weller v. Dickson*, 314 F.2d 598 (9th Cir.), *cert. denied*, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963); *Wilson v. Garnett*, 332 F.Supp. 888 (W.D.Mo.1970); *Beishir v. Swenson*, 331 F.Supp. 1224 (W.D.Mo.1970); *Beyer v. Werner*, 299 F.Supp. 967 (E.D.N.Y.1969); *McCollum v. Mayfield*, 130 F.Supp. 112 (N.D.Cal.1955); *Siegel v. Ragen*, 88 F.Supp. 996 (N.D.Ill.1949), *aff'd*, 180 F.2d 785 (7th Cir.), *cert. denied*, 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391, (1950). *Cf. Almond v. Kent*, 459 F.2d 200 (4th Cir.1972) (state statute requiring suits to be brought by a committee cannot be interposed as a bar to a convict's bringing an action pursuant to 42 U.S.C. § 1983). In some states, the civil rights of convicted felons are suspended by statute. *See* Idaho Code §§ 18–310, –311 (Supp.1984); R.I. Gen. Laws § 13–6–1 (1956).

in his own name. First, we have always recognized that a prisoner does not lose his civil rights by virtue of a criminal conviction. *Martin v. Long, supra;* W.Va.Code, 28–5–36; W.Va. Const. art. 3, § 18. Second, there is no tolling provision in our statute of limitations with regard to a prisoner's claim during the period of his incarceration. It is generally held absent specific provisions to the contrary in a tolling statute, there is no exemption because of imprisonment from a statute of limitations. 51 Am.Jur.2d *Limitation of Actions* §§ 192 and 193 (1970); Annot., 77 A.L.R.3d 735 (1977). Unless a prisoner is able to bring suit while he is incarcerated, he may lose his cause of action.

A third reason is that with incarceration and its attendant restrictions, it is often difficult if not impossible for a prisoner to secure the appointment of a committee or other representative prior to the running of the applicable statute of limitations.[8]

■ Consequently, we conclude that a prisoner may proceed to file a civil action without having a committee appointed pursuant to W.Va.Code, 28–5–33, or using a next friend pursuant to Rule 17(c) of the West Virginia Rules of Civil Procedure.[9] In making this rule, we overrule Syllabus Point 1 of *Waynesboro*, which holds that suits can be brought only by a duly appointed committee.

A different situation prevails, however, when a suit is filed against a convict. In this circumstance, he has not voluntarily elected to participate in the litigation. The policy reasons heretofore mentioned are of diminished applicability. He does not initially seek access to the courts nor does a statute of limitations problem come into play because he is not bringing the cause of action.

■ In the case of a prisoner bringing his own suit, it is possible to conclude that he has elected to waive the use of a committee, next friend, or guardian. This cannot be said where a prisoner is the defendant. Furthermore, where a prisoner is sued, a lawyer will often be representing the opposing party and this places the prisoner at a considerable disadvantage. We, therefore, conclude that a different rule should obtain where a prisoner is sued. In the absence of an express written waiver of his right to a committee under W.Va. Code, 28–5–36, or a guardian ad litem under Rule 17(c) of the West Virginia Rules of Civil Procedure, such suit cannot be directly maintained against the prisoner.

This rule also reflects the special solicitude shown in Rule 55 of the West Virginia Rules of Civil Procedure relating to prohibiting default judgments against incarcerated convicts who are unrepresented.[10] Fur-

---

**8.** Such procedural restrictions may also impair the constitutional right of access to the courts which is specifically embodied in Article III, Section 17 of the West Virginia Constitution, which provides: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." The Supreme Court of Delaware has so indicated under its comparable state constitutional provision. *Chesapeake Utilities Corp. v. Hopkins, supra.*

**9.** Rule 17(c) of the West Virginia Rules of Civil Procedure provides:

"Whenever an infant, incompetent person, or convict had a duly qualified representative, such as a guardian, curator, committee or other like fiduciary, such representative may sue or defend on behalf of the infant, incompetent person, or convict. If a person under any disability does not have a duly qualified

representative he may sue by his next friend. The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or the court shall make such other order as it deems proper for the protection of any person under disability."

**10.** Rule 55(b)(1) and (2) of the West Virginia Rules of Civil Procedure provide, in part:

"(1) Sum Certain.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit showing the defendant's failure to appear and the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if he is not an infant, incompetent person, or incarcerated convict.

"(2) Other Cases.—In all other cases the party entitled to a judgment by default shall apply to the court therefor and shall file with

thermore, this rule comports with Rule 17(c) of the West Virginia Rules of Civil Procedure, which requires that "[t]he court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict otherwise represented in an action." [11]

In the case where a prisoner wishes to proceed individually as a plaintiff, or expressly waives his right to a committee or guardian ad litem when sued as a defendant, he is not necessarily entitled to appear personally at any court proceeding in connection with the suit. Almost every court that has permitted personal prosecution or defense of a civil action by a prisoner has concluded that his right to appear in court proceedings is a restricted one. This is in recognition that incarceration brings constraints and prison officials cannot be expected to transport prisoner litigants to all stages of their civil proceedings. Whether a prisoner may appear at trial is a matter committed to the sound discretion of the trial court which must balance a number of relevant factors which as the court stated in *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir.1976), are as follows:

"In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at

issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition." [12]

These criteria or similar formulations have been adopted by a number of state and federal courts. *See Price v. Johnston*, 334 U.S. 266, 284–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356, 1369 (1948); *Jerry v. Francisco*, 632 F.2d 252, 255 (3d Cir.1980) (per curiam); *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir.1980); *Kirk v. United States*, 589 F.Supp. 808, 809 (E.D.Va.1984); *Maurer v. Pitchess*, 530 F.Supp. 77, 80 (C.D.Cal.1981); *Hall v. Hall*, 128 Mich.App. 757, 762, 341 N.W.2d 206, 209 (1983) (per curiam); *State ex rel. Amek Bin Rilla v. Circuit Court*, 76 Wis.2d 429, 434, 251 N.W.2d 476, 480 (1977). We also adopt the *Stone v. Morris* test as our standard.

The decision of the lower court is reversed, and these cases are remanded for further proceedings consistent with our opinion.

Reversed and Remanded.

---

the court an affidavit showing the other party's failure to appear or otherwise defend; but no judgment by default shall be entered against an infant, incompetent person, or incarcerated convict unless represented in the action by a guardian, guardian ad litem, committee, curator or other representative who has appeared therein."

In Syllabus Point 2 of *Chandos, Inc. v. Samson*, 150 W.Va. 428, 146 S.E.2d 837 (1966), we said:

"A valid default judgment under Rules 37(d) and 55(b)(2), R.C.P., cannot be entered against a defendant who is at the time of the entry of such judgment an infant, incompe-

tent person or an incarcerated convict, unless represented by a guardian, guardian *ad litem,* committee, curator, or other representative, and if a default judgment is entered against a defendant under such disability not properly represented it should be set aside upon proper motion."

**11.** *See* note 9, *supra.*

**12.** This limitation is not absolute with regard to a prisoner's habeas corpus. *See Thomas v. Leverette,* 161 W.Va. 224, 227 n. 1, 239 S.E.2d 500, 502 n. 1 (1977).