983 F.2d 1057
 24 Fed.R.Serv.3d 881
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darwin Rusty SIERS, Plaintiff-Appellant,
v.
Stephen F. GREINER, Sheriff; Shayne Yearego, Co; James E.
Asbury, Co; Co Joy; Co McMullen, Defendants-Appellees.
 No. 92-6501.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: January 11, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-89-960-A)
 Darwin Rusty Siers, Appellant Pro Se.
 J. Michael Weber, Bowles, Rice, McDavid, Graff & Love, Parkersburg, West Virginia; Jeffrey Brent Reed, Prosecuting Attorney for Wood County, Parkersburg, West Virginia, for Appellees.
 S.D.W.Va.
 Vacated and remanded.
 Before WIDENER and HALL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Darwin Rusty Siers appeals from the denial of several post-verdict motions in his successful 42 U.S.C. § 1983 (1988) suit. Because the district court failed to appoint a guardian ad litem for Siers, as mandated by Fed. R. Civ. P. 17(c), we vacate the judgment and remand for appointment of a guardian ad litem and for further proceedings.
 
 
 2
 Siers sued a county sheriff and deputies pursuant tos 1983 and was awarded $15,000 in 1991. His ex-wife moved to intervene to enforce outstanding judgments against Siers. Siers made several motions, including one for the appointment of a guardian ad litem. The district court appointed a magistrate judge to recommend disposition of the motions.*
 
 
 3
 The magistrate judge recommended denial of the motions in a report filed on March 10, 1992. The magistrate judge's report set forth the ten-day objection period provided by Fed. R. Civ. P. 72(a) and added the three-day mailing extension of Fed. R. Civ. P. 6(e). Siers's objections were filed in the district court on March 24, 1992. For purposes of computing time periods, Fed. R. Civ. P. 6(a) excludes intermediate Saturdays and Sundays. Thus, the ten-day objection period ended on March 24. Therefore, Siers's objections were timely. Because the objections were timely, the portions of the record to which Siers objected should have been subjected to de novo review by the district court. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Although it believed the objections untimely, the district court stated that "the objections are wholly without merit." Thus, we find that the district court subjected the record to de novo review.
 
 
 4
 In his objection to the magistrate judge's recommendation regarding the appointment of a guardian ad litem, Siers pointed to W. Va. Code § 28-5-36 and the interpretation thereof in Craigo v. Marshall, 331 S.E.2d 510 (W. Va. 1985). The Craigo court ruled that, although § 28-5-36 must be relaxed to allow a prisoner to institute a suit, West Virginia law does not allow an incarcerated individual to be amenable to suit without the appointment of an individual or committee to protect the prisoner's rights. Craigo, 331 S.E.2d at 514. Further, unless a prisoner expressly waives that right, suit cannot be maintained against him or her. Id. Thus, under West Virginia law, Siers was not amenable to suit without the appointment of a guardian ad litem or the waiver of that right.
 
 
 5
 Where, as here, state law declares one incompetent to be sued, Fed. R. Civ. P. 17(c) provides for the appointment of a guardian ad litem. Additionally, for purposes of amenability to suit, Fed. R. Civ. P. 17(b) looks to state law to determine capacity to be sued. Therefore, pursuant to the application of Rules 17(b) and 17(c), Siers had a right to appointment of a guardian ad litem. The district court erred in not providing for such appointment. Thus, the judgment of the district court is vacated and the case remanded for the appointment of a guardian ad litem to represent Siers's interests in the intervention proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 See 28 U.S.C. § 636(b) (1988)