# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Trampus Thomas,**
**Plaintiff Below, Petitioner**

**FILED**

October 4, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 12-1303** (Mercer County 12-C-420)

**Trooper Crowder, Trooper Fields, Trooper Young,**
**Trooper Bruno, and the West Virginia State Police,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Trampus Thomas, appearing *pro se*, appeals the order of the Circuit Court of Mercer County, entered September 13, 2012, that dismissed his 42 U.S.C. § 1983 action. Respondents Trooper Crowder, Trooper Fields, Trooper Young, Trooper Bruno, and the West Virginia State Police; by counsel Michael D. Mullens and Peter J. Raupp; filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 7, 2012, petitioner[2] filed a 42 U.S.C. § 1983 action alleging civil rights violations by respondents from a period "between 2005 and 2006 all the way up until 2012." Petitioner alleged police brutality and that he had been the victim of a false arrest and wrongfully incarcerated for one night even though he was innocent. Petitioner sought compensatory and punitive damages, economic damages, and future medical expenses. Petitioner did not give specific dates in regard to his allegations. Respondents consequently filed a motion to dismiss, or in the alternative, a motion for a more definite statement.

---

[1] Respondents also renewed a motion to dismiss the appeal that had been denied by this Court on February 28, 2013. However, because petitioner's appeal can be disposed of on its merits, *see infra*, we deny as moot the renewed motion.

[2] Petitioner is an inmate in the custody of the West Virginia Division of Corrections; however, petitioner's allegations are not related to the cause of his present incarceration.

Following a search of petitioner's criminal records,[3] the circuit court entered an order granting respondents' motion to dismiss on September 13, 2012. The circuit court found that petitioner's claims were time-barred because they pertained to a July 13, 2004 arrest. The circuit court noted that any claims petitioner had for assault and battery, and excessive force, had a two-year statute of limitations[4] and that petitioner's claim for false arrest and/or false imprisonment had a one-year statute of limitations.[5] The circuit court further found that respondents demonstrated that petitioner's allegations were patently false.

Petitioner now appeals the circuit court's September 13, 2012 order dismissing his § 1983 action. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).[6]

On appeal, petitioner asserts that his incarceration delayed the filing of his action and that the discovery rule applied to toll the running of the applicable statutes of limitations of his civil rights claims. Respondents counter that there is no tolling provision in our statutes of limitations with regard to a prisoner's claim during the period of his incarceration. *See Craigo v. Marshall*, 175 W.Va. 72, 75, 331 S.E.2d 510, 513 (1985) ("[A]bsent specific provisions to the contrary in a tolling statute, there is no exemption because of imprisonment from a statute of limitations."). As for petitioner's argument that the discovery rule applies to his case, petitioner does not explain how he satisfies the elements required for its application.[7] Therefore, we deem this issue abandoned because it is not fully briefed. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d

---

[3] The circuit court found records pertaining to contacts petitioner had with Trooper Crowder, Trooper Fields, and Trooper Young. However, "[t]here were no court files pertaining to [Trooper] Bruno with respect to [petitioner]." According to respondents, Trooper Bruno has not worked for the State Police since 2002.

[4] *See* W.Va. Code § 55-2-12(b).

[5] *See* W.Va. Code § 55-2-12(c).

[6] The circuit court's review of petitioner's criminal records did not covert respondents' motion to dismiss into a motion for summary judgment. *See Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) ("Rule 12(b)(6) [of the West Virginia Rules of Civil Procedure] permits courts to consider matters that are susceptible to judicial notice.") (quoting Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 348 (Footnote omitted.).

[7] Under the discovery rule, the statute of limitations begins to run "when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, *Gaither v. City Hospital, Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

613, 621 (1996). After careful consideration, this Court concludes that the circuit court did not err in granting respondents' motion to dismiss petitioner's § 1983 action. *See Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) ("[L]iberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading.") (Internal quotations and citations omitted.).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II