# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**A.S., Respondent Below,**
**Petitioner**

**vs)  No. 14-1027** (Mercer County 14-D-132)

**K.T., Petitioner Below,**
**Respondent**

**FILED**

September 11, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner A.S.,[1] appearing *pro se*, appeals the order of the Circuit Court of Mercer County, entered October 1, 2014, refusing his appeal from the July 21, 2014, order of the Family Court of Mercer County. In its July 21, 2014, order, the family court (1) allowed Respondent K.T. to proceed on her original petition for divorce; (2) denied various motions by respondent; (3) granted the parties a divorce based on irreconcilable differences; (4)  denied petitioner's request for spousal support; (5) awarded petitioner possession of his truck as his separate property; and (6) directed that the parties each pay half of the marital debt, which was in the amount of $800. Respondent, appearing *pro se*, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married on October 9, 2013, and separated on or about November 21, 2013. Subsequently, respondent filed a petition for divorce on February 28, 2014. In March of 2014, respondent caused a warrant to be issued for petitioner's arrest resulting in petitioner's incarceration.[2] Until his release, three successive attorneys were appointed to serve as petitioner's guardian ad litem ("GAL").[3]

---

[1] While the parties were granted a divorce based on irreconcilable differences, respondent also made allegations of sexual abuse against petitioner. As such, in keeping with this Court's policy of protecting the identity of the victims of sexual crimes, the parties will be referred to by their initials throughout this memorandum decision.

[2] *See* fn. 1, *supra.*

[3] *See State ex rel. Lawson v. Wilkes*, 202 W.Va. 34, 38, 501 S.E.2d 470, 474 (1998) ("[A]n (continued …)

1

Petitioner's first answer to the petition for divorce was filed *pro se* on April 17, 2014. While petitioner denied respondent's allegations that petitioner had abandoned her, petitioner admitted that irreconcilable differences existed between the parties. Petitioner also sought to be awarded possession of his truck as his separate property. Thereafter, petitioner's GAL filed a second answer on April 29, 2014. Petitioner admitted that irreconcilable differences existed between the parties and maintained that the 1986 Ford F-150 truck should be awarded to him. Petitioner also stated that the parties incurred a $800 debt to respondent's mother and that each party should be responsible for half of that debt.

On May 20, 2014, petitioner filed a *pro se* motion seeking the disqualification of Family Court Judge Bisaha alleging that the judge had a conflict of interest. That same day, Judge Bisaha denied petitioner's motion because it was not filed through petitioner's duly appointed GAL. The GAL who represented petitioner at the time of the filing of his second answer was allowed to withdraw and a new GAL was appointed.[4] The family court did not rule on petitioner's motion for disqualification, but the court denied petitioner's request to be transported from the Southern Regional Jail for the final divorce hearing necessitating his representation at the hearing by a GAL.

The final divorce hearing occurred on June 2, 2014.[5] During the hearing, respondent made a motion to be allowed to proceed on her original petition.[6] The family court (1) granted respondent's motion; and (2) denied petitioner's request to file a third answer. Petitioner's GAL made a motion to continue the hearing, and renewed the request to transport petitioner for the hearing. The family court refused to continue the hearing, and denied the transport request finding that petitioner's interests were adequately represented by the presence of his GAL. The GAL renewed petitioner's motion for Judge Bisaha's disqualification, which was also denied. The GAL argued that Rule 17.01 of the West Virginia Trial Court Rules required that the motion for disqualification be decided by the Chief Justice of this Court, and argued that the proceedings should be stayed until such a ruling was obtained. The family court denied the request for a stay.

The family court ruled that the parties agreed that irreconcilable differences existed between them, and that a divorce would be granted for that reason. Because petitioner's instructions were ambiguous as to the issue, the GAL stated that he could not waive petitioner's right to spousal support. The family court declined to award petitioner spousal support because (1)

---

otherwise unrepresented prisoner is entitled to a guardian ad litem . . . when an action is directly maintained against him or her.").

[4] Petitioner was not satisfied with either of his first two GAL's; consequently, the second GAL filed a motion to withdraw on May 27, 2014, which will be discussed *infra*.

[5] This Court has reviewed the video recording of the June 2, 2014, hearing.

[6] Prior to this hearing, respondent filed an amended petition for divorce, which respondent sought to withdraw because she wanted to proceed on the original petition.

the parties were married only for a very short time; and (2) respondent had no financial means from which to pay such support. Respondent agreed that the Ford truck was petitioner's separate property; therefore, the family court awarded petitioner possession of that vehicle. The family court directed that each party pay half of the $800 marital debt owed to respondent's mother. The order memorizing the family court's rulings was entered on July 21, 2014. In the order, the family court also released the GAL from further responsibility in the case.

Petitioner appealed the family court's July 21, 2014, order to the circuit court. On August 21, 2014, the circuit court appointed a new GAL to represent petitioner in his appeal. The circuit court conditionally granted petitioner's appeal by an order entered on September 24, 2014. The circuit court found that the family court's substantive rulings were free of clear error or abuse of discretion because those decisions conformed to the admissions found in petitioner's answers. However, because petitioner filed his motion for disqualification more than seven days before the June 2, 2014, hearing, the circuit court determined that Trial Court Rule 17.01 required that the motion's transmittal to the Chief Justice of this Court, and a stay of the proceedings until the Chief Justice's ruling was obtained. The circuit court remanded the case to the family court for the limited purpose of complying with Rule 17.01. The circuit court ruled that if the Chief Justice disqualified Family Court Judge Bisaha, the circuit court would reverse the family court's July 21, 2014, order and remand the case for a new hearing before a different family court judge; but if the Chief Justice denied the motion, the circuit court would refuse petitioner's appeal.

On September 26, 2014, Judge Bisaha complied with Rule 17.01 by transmitting petitioner's motion for disqualification to the Chief Justice of the Court, together with an explanation by Judge Bisaha of why he believed the allegations stated in the motion did not warrant his recusal. On September 30, 2014, the Chief Justice denied the motion. Accordingly, on October 1, 2014, consistent with its previous ruling, the circuit court refused petitioner's appeal of the family court's July 21, 2014, order.

Petitioner now appeals to this Court. We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 475, 607 S.E.2d 803, 804 (2004).

On appeal, petitioner first assigns error to the family court's failure to stay the proceedings while his motion for disqualification was pending. We determine that because this motion was subsequently found to be meritless, the family court's decision to proceed with this June 2, 2014, hearing constituted harmless error. *See Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 773, 724 S.E.2d 733, 744 (2012) (failure to stay proceedings was harmless when insufficient evidence existed to warrant judge's disqualification).

3

Second, petitioner argues that the family court erred in denying his request to file a third answer to respondent's divorce petition. We note that petitioner's proposed third answer is in the record on appeal as an exhibit to petitioner's appeal to the circuit court. Upon our review of the same, we find that the third proposed answer contains no allegation that was not contained in either of petitioner's first two answers. Therefore, we conclude the family court did not err in denying the request to file the third answer.

Next, petitioner contends that the family court failed to allocate all of the parties' debts and assets. Respondent counters that (1) any debt owed for petitioner's apartment was his sole responsibility because petitioner already had the apartment when the parties married; and (2) petitioner never mentioned any asset other than his truck.[7] Upon our review of the record, we determine that petitioner did not reference any debt owed for his apartment and never alleged that the parties had any other assets. Therefore, we reject this assignment of error.

Fourth, petitioner alleges that the GAL who represented him at the June 2, 2014, hearing was ineffective. However, the record belies this contention. We note two examples of the GAL's efforts to protect petitioner's interests. First, by arguing Trial Court Rule 17.01 to the family court, the GAL raised the issue on which the circuit court conditionally granted petitioner's appeal. Second, because petitioner's instructions were ambiguous as to the issue, the GAL refused to waive petitioner's right to spousal support. Therefore, we find that petitioner has failed to establish ineffective assistance of counsel.

Finally, we address petitioner's fifth and sixth assignments of error together. Petitioner asserts that the family court should have permitted him to personally attend the June 2, 2014, hearing and should have granted the GAL's May 27, 2014, motion to withdraw. "Whether a prisoner may appear at [a hearing] is a matter committed to the sound discretion of the trial court." Syl. Pt. 3, in part, *Craigo v. Marshall*, 175 W.Va. 72, 72-73, 331 S.E.2d 510, 511 (1985). The only reason the GAL gave for moving to withdraw was that petitioner did not desire to have the GAL represent him. During this time frame, petitioner was incarcerated for allegedly sexually abusing the other party in the case. In Syllabus Point 3 of *Craigo*, we held that a factor that a court needs to consider when determining a prisoner's request to personally appear at a hearing is whether the prisoner's presence would impose "any potential danger or security risk." 175 W.Va. at 72-73, 331 S.E.2d at 511. In such circumstances—and where we have found that petitioner has not shown ineffective assistance of counsel—we determine that the family court did not abuse its discretion in requiring that petitioner be represented by a GAL at the hearing and declining to order his transportation for the same.

---

[7] We decline to address any allegation of petitioner's regarding respondent's interference with petitioner's retrieval of his truck. Respondent does not dispute that the family court awarded petitioner possession of his truck. Respondent does state that she had the truck towed from her residence. If petitioner believes that respondent is interfering with his retrieval of the truck, the proper course would be to allege the same in a petition for contempt filed in the family court.

For the foregoing reasons, we find no error in the decision of the Family Court of Mercer County and affirm the Circuit Court of Mercer County's October 1, 2014, order refusing petitioner's appeal of the family court's July 21, 2014, order.

Affirmed.

**ISSUED**: September 11, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II