STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

December 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Norman Ratliff, Jr.,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0309** (Kanawha County 14-C-2075)

**Stephany Tyson and Primecare Medical, Inc.,**
**Defendants Below, Respondents**

MEMORANDUM DECISION

Petitioner Norman Ratliff, Jr., *pro se*, appeals the March 17, 2015, order of the Circuit Court of Kanawha County granting summary judgment to Respondents Stephany Tyson and Primecare Medical, Inc. (collectively, "respondents") on petitioner's claim that respondents were deliberately indifferent to his medical care at the North Central Regional Jail. Respondents, by counsel D.C. Offutt, Jr., and Anne Liles O'Hare, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At all times relevant to his complaint in this matter, petitioner was an inmate at the North Central Regional Jail.[1] Respondent Primecare provided medical services at the Jail, and Respondent Tyson was a nurse in its employ. On November 21, 2014, petitioner filed a civil complaint pursuant to 42 United States Code § 1983 in the Circuit Court of Kanawha County[2]

---

[1] Petitioner is currently an inmate at Huttonsville Correctional Center.

[2] Petitioner originally filed his complaint in the Circuit Court of Doddridge County, where the Jail is located. On November 13, 2014, the Doddridge County court dismissed petitioner's complaint based on improper venue, finding that as respondents provided medical services at the Jail, respondents were "state officials," who could be sued only in the Circuit Court of Kanawha County. While petitioner now complains that the Doddridge County court's November 13, 2014, (continued . . .)

1

against respondents,[3] alleging that Respondent Tyson injected petitioner, who is diabetic, with insulin using a syringe contaminated with her own blood.

Petitioner concedes that his complaint lists the date of the alleged incident as June 11, 2013, but now states that it occurred on December 2, 2013. Respondents have a record of an inmate grievance bearing the date of December 2, 2013, but listing November 16, 2013 as the incident date. In that grievance, petitioner alleged that Respondent Tyson "does not know what she is doing" and expressed his desire to refuse taking his insulin injection from Respondent Tyson. Petitioner did not include any complaint that Respondent Tyson used a contaminated syringe to inject him with insulin. Petitioner received a response to his grievance on December 4, 2013, which stated that petitioner had a right to refuse medical treatment, but that petitioner might be placed under observation if he chose not to accept his insulin injection. Similarly, a medical note recorded by Respondent Tyson reflected that petitioner initially refused his insulin injection because petitioner wondered if Respondent Tyson could be related to the victims of his crimes, but that petitioner agreed to the injection after being informed that a refusal to do so would result in him not being allowed to leave the medical unit. The note bears the date of December 2, 2013, but it is unclear if December 2, 2013, is the date of recordation, the date of treatment, or both.

Respondents found a second inmate grievance from petitioner that lists November 16, 2013, as the incident date, but that was filed on June 29, 2014. In that grievance, petitioner requested records relating to Respondent Tyson's leaving her job. Petitioner received a response on July 8, 2014, stating that to obtain those records, petitioner would need to issue a subpoena. Like petitioner's December 2, 2013, grievance, the June 29, 2014, grievance contained no allegation that Respondent Tyson injected petitioner with insulin using a syringe contaminated with her own blood.

Respondents filed a motion for summary judgment with attached exhibits on January 14, 2015. Petitioner filed a response on January 21, 2015. Petitioner does not dispute that he received timely notice of the February 18, 2015, hearing on respondents' motion. At that hearing, with petitioner not present, the circuit court noted that it had reviewed the motion and "the entire file" and granted summary judgment to respondents. Respondents' counsel was directed to prepare an order. Prior to the entry of any order, petitioner filed a "motion for summary judgment not to be granted" on March 3, 2015, in which petitioner argued that the circuit court should have entered an order to have him transported to the February 18, 2015, hearing. Respondents filed a response to petitioner's motion on March 5, 2015. On March 17, 2015, the circuit court entered its order granting summary judgment to respondents on petitioner's claim that Respondent Tyson injected him with insulin using a contaminated syringe. In its order, the circuit court noted receipt of petitioner's "motion for summary judgment not to be granted," but found that it contained "no

---

dismissal was incorrect, he did not appeal that order. Therefore, we decline to address any argument based on it.

[3]Petitioner sought $1,500,000 in compensatory and punitive damages.

reason" that summary judgment should not be awarded to respondents.

Petitioner now appeals the circuit court's March 17, 2015, order awarding summary judgment to respondents. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 190, 451 S.E.2d 755, 756 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

We initially address two preliminary arguments made by petitioner. First, petitioner contends that the circuit court should have ordered his transportation to the February 18, 2015, hearing. "Whether a prisoner may appear at [a hearing] is a matter committed to the sound discretion of the trial court." Syl. Pt. 3, in part, *Craigo v. Marshall*, 175 W.Va. 72, 72-73, 331 S.E.2d 510, 511 (1985). Petitioner does not dispute that he received timely notice of the hearing or that he did not raise the issue of the lack of a transportation order until after the hearing occurred. In *Craigo*, we stated that an inmate's right to appear in court is restricted because "officials cannot be expected to transport prisoner litigants to all stages of their civil proceedings." *Id.* at 76, 331 S.E.2d at 515. We conclude that the circuit court did not abuse its discretion in not addressing petitioner's possible attendance at the hearing because petitioner did not make a timely request for it to do so.

Second, Petitioner contends that the circuit court's order contains insufficient findings to allow for meaningful appellate review. *See* Syl. Pt. 3, *Fayette Cty. Nat'l. Bank v. Lilly*, 199 W.Va. 349, 350, 484 S.E.2d 232, 233 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W.Va. 449, 766 S.E.2d 396 (2014). Respondents argue that the record on which summary judgment was based is sufficiently clear that a remand for additional findings is not necessary. *See Id.* at 354, 484 S.E.2d at 237 (declining to remand case because it could be determined on separate issue). Having reviewed the record on appeal, we find that it permits us to decide this case without the necessity of a remand for additional findings.

Turning to the grounds upon which the circuit court granted summary judgment, we address two of those reasons: (1) a failure to exhaust administrative remedies; and (2) respondents' care of petitioner did not rise to the level of deliberate indifference to petitioner's medical needs.[4] In regard to the first ground, in Syllabus Point 3 of *White v. Haines*, 217 W.Va. 414, 416, 618 S.E.2d 423, 425 (2005), we held that West Virginia Code § 25-1A-2 generally requires an inmate to exhaust his administrative remedies prior to filing a civil action.[5] As it presently reads, West

---

[4]The third issue raised by respondents in their motion for summary judgment was whether Respondent Primecare was a "person" within the meaning of 42 United States Code § 1983. Having found each of the first two reasons for summary judgment sufficient to justify affirmation of the circuit court's order, we do not address this third ground.

[5] West Virginia Code § 25-1A-2 is part of the Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 through 25-1A-8.

Virginia Code § 25-1A-2(c) provides that "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." Pursuant to West Virginia Code § 25-1A-2(a), an inmate grievance concerning healthcare constitutes an "ordinary administrative remedy." Petitioner's primary contention is that he filed grievances, to which he received no response from prison officials. Two grievances are in the record. Each grievance reflects that jail officials gave petitioner a response, which petitioner could have appealed but did not do so. Based on our independent assessment of the record pursuant to the applicable standard of review, we find that the circuit court did not err in granting summary judgment to respondents on the ground that petitioner failed to exhaust his administrative remedies. *See Id.* § 25-1A-2(d) (inmate's administrative remedies are exhausted only when inmate has "fully appealed" and has received final decision from "the Executive Director of the Regional Jail Authority, or the Director's designee.").

In regard to the second ground on which the circuit court awarded summary judgment, we note that pursuant to *Painter*, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 4, in part, *id.* at 190, 451 S.E.2d at 756. Assuming, arguendo, that petitioner exhausted his administrative remedies, we find that petitioner has failed to sufficiently show that a genuine issue of material fact existed as to whether respondents were deliberately indifferent to his medical needs. *See* Syl. Pt. 5, *Nobles v. Duncil*, 202 W.Va. 523, 526, 505 S.E.2d 442, 445 (1998) ("To establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness.") While petitioner contends that Respondent Tyson injected him with insulin using a contaminated syringe, petitioner has been inconsistent as to the date of this alleged incident. Petitioner concedes that his complaint gives a date of June 11, 2013, but now states that the incident occurred on December 2, 2013. On each of the two grievances that are in the record—including the grievance filed on December 2, 2013—petitioner lists the incident date as November 16, 2013. There is also Respondent Tyson's note dated December 2, 2013, which we assume was the date of treatment. In that note, Respondent Tyson does not indicate that a syringe was contaminated, but states that petitioner wondered if she could be related to the victims of his crimes. Despite the fact that the December 2, 2013, grievance lists an incident date of November 16, 2013, if we assume that the grievance regards an incident occurring on December 2, 2013, all petitioner states in that grievance is that he feels that Respondent Tyson was not a competent nurse. The grievance contains no allegation that Respondent Tyson gave petitioner an injection using a contaminated syringe.

In Syllabus Point 3 of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 56, 459 S.E.2d 329, 333 (1995), we held as follows:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce

4

additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

To create a genuine issue of a material fact, petitioner points to his complaint and the affidavit attached to his response to the motion for summary judgment, both of which were sworn to by petitioner before a notary. However, as noted above, petitioner concedes that the complaint is incorrect as to the date of the alleged incident; therefore, we determine that under the facts and circumstances of this case, petitioner may not use his verified complaint as evidence supporting his claim. Regarding petitioner's self-serving affidavit, we find that it cannot be used to create a genuine issue of material fact because it has been proven inaccurate by other evidence that is in the record.[6] Accordingly, we determine that petitioner has failed to make a sufficient showing that Respondent Tyson gave him an injection using a contaminated syringe and conclude that the circuit court did not err in granting summary judgment to respondents.

For the foregoing reasons, we affirm the circuit court's March 17, 2015, order awarding summary judgment in respondents' favor.

Affirmed.

**ISSUED:** December 7, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6]Petitioner asserts in the affidavit that jail officials never responded to his grievances. As explained above, the record belies this assertion.

5