In the Matter of the **PROPERTY SEIZED FROM Brenda K. HICKMAN and Brian J. Pritchard.**

**Brian J. Pritchard, Appellant.**

**No. 94–979.**

Supreme Court of Iowa.

June 21, 1995.

Brian J. Pritchard, Rockwell City, pro se, and Douglas E. Kurtz, Rockwell City, for appellant.

Thomas J. Miller, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Kevin Parker, County Atty., and John W. Criswell, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

Does Iowa rule of civil procedure 13 require appointment of a guardian ad litem for an incarcerated owner of property that is the subject of a statutory forfeiture proceeding? The trial court thought not and we agree.

Brian J. Pritchard was prosecuted in two unrelated drug charges. He was sentenced on the first charge in 1989. His appeal on that conviction was affirmed by the court of appeals; procedendo was issued January 11, 1991.

In September 1990, while released on bail pending his appeal, Pritchard was arrested on a second drug charge. This time he was unable to post bail and remained incarcerated in a county jail. While he was so confined, the State seized Pritchard's automobile and $2774 of his cash. Pritchard thereafter demanded that this property be returned.

Following Pritchard's sentence on the second charge, there was a forfeiture hearing. Pritchard was allowed to appear pro se. He did so and testified.[1] The property was ordered forfeited.[2]

Pritchard later challenged the forfeiture order, arguing it was void because under Iowa rule of civil procedure 13[3] he was entitled to appointment of a guardian ad litem and none had been appointed. The matter is before us on Pritchard's appeal from a trial court order rejecting his challenge. Our review is on error. Iowa R.App.P. 4; *In re Wagner*, 482 N.W.2d 160, 162 (Iowa 1992).

■ We agree with the State's contention that Pritchard does not fall under the protection of rule 13 because the in rem forfeiture judgment was not entered against him.[4] Our cases reflect the view that the defendant in a forfeiture proceeding is the property sought to be forfeited, not its owner. *State v. One Certain Conveyance*, 316 N.W.2d 675, 678 (Iowa 1982); *see also Federal Land Bank of Omaha v. Jefferson*, 229 Iowa 1054, 1058, 295 N.W. 855, 857 (1941) (proceeding in rem is taken directly against property; judgment in rem operates upon property itself). Rule 13, by its clear terms, is limited to judgments "against a party." Pritchard was not a party and is thus not entitled to claim the benefits of rule 13. The trial court was correct in so holding.

**AFFIRMED.**

---

1. In *In re Marriage of McGonigle*, 533 N.W.2d 524 (Iowa 1995), an opinion we also file today, we held that the requirements of Iowa rule of civil procedure 13 are satisfied for a prisoner who appears pro se and testifies at trial. Although the State urges the same point in arguments for affirmance here, we rest our decision on another ground.

2. Iowa Code § 809.11 (1993) provides:

   1. Forfeiture is a civil proceeding. At the hearing the burden is on the state to prove by a preponderance of the evidence that the property is forfeitable. However, forfeiture is not dependent upon a prosecution for, or conviction of, a criminal offense and forfeiture proceedings are separate and distinct from any related criminal action.

   2. Court appointed counsel, at the state's expense, is not available in forfeiture proceedings. The attorney general or county attorney may represent the state in all forfeiture proceedings.

3. Iowa rule of civil procedure 13 provides:

   No judgment without a defense shall be entered against a party then a minor, or confined in a penitentiary, reformatory, or any state hospital for the mentally ill, or one judicially adjudged incompetent, or whose physician certifies to the court that he appears to be mentally incapable of conducting his defense. Such defense shall be by guardian ad litem; but the regular guardian or the attorney appearing for a competent party may defend unless the court supersedes him by a guardian ad litem appointed in the ward's interest.

4. We need not and do not consider a number of other contentions. We express no opinion on whether one incarcerated in a county jail—as distinguished from a penitentiary or reformatory—is protected under rule 13. Neither do we decide whether Pritchard's challenge is time barred.