501 S.E.2d 470

**STATE of West Virginia ex rel. Deborah A. LAWSON and the Public Defender Corporation for the Twenty-third Judicial Circuit, Petitioners,**

v.

**Honorable Christopher WILKES, Judge of the Circuit Court of Jefferson County, and Ismael Velasquez, Respondents.**

No. 24582.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1998.

Decided Feb. 25, 1998.

Deborah A. Lawson, Public Defender Corporation, Twenty-third Judicial Circuit, Charles Town, for Petitioners.

## PETITION FOR WRIT OF PROHIBITION

DAVIS, Chief Justice:

In this original proceeding in prohibition, the petitioners, Deborah A. Lawson, an attorney at law, and the Public Defender Corporation for the Twenty-third Judicial Circuit, her employer, ask this court to prohibit the Circuit Court of Jefferson County from compelling the Public Defender Corporation, as guardian *ad litem* for an incarcerated convict, to pursue a civil appeal that it believes to be without merit. We find that the circuit court erred in appointing a guardian *ad litem* to assist an incarcerated convict in connection with a civil forfeiture proceeding. Consequently, we grant the writ of prohibition as moulded.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Ismael Velasquez [hereinafter "Velasquez"] was indicted on four counts of distribution of marijuana after an undercover police officer made four controlled purchases of marijuana from him. Velasquez was also indicted on one related count of possession of marijuana with intent to distribute. A jury trial was had on one count of distribution of marijuana and the associated count of possession with intent to distribute. The jury convicted Velasquez on both counts. Thereafter, Velasquez pleaded guilty to a second count of distribution of marijuana. The remaining charges were nolled pursuant to a plea agreement. Velasquez was then sentenced to three concurrent terms of two to ten years. During the trial and the subsequent plea negotiations, Velasquez was rep-

resented by Steven M. Askin, Esq.[1] However, shortly after filing a notice of intent to appeal Velasquez's criminal conviction, Mr. Askin surrendered his license to practice law. Consequently, an appeal of the criminal action was pursued by Kevin D. Mills, Esq.[2] Ultimately, the petition for appeal was denied by this Court.

Pursuant to the *West Virginia Contraband Forfeiture Act*, W.Va.Code § 60A–7–701, *et seq.*, a civil forfeiture action was also initiated seeking forfeiture of $21,241.25 in United States Currency and a 1987 Suzuki Samarai motor vehicle, both of which were believed to have been substantially connected to the aforementioned illegal drug transactions. At the time of the filing of the civil forfeiture petition, the circuit court appointed David Camilletti as guardian *ad litem* for Velasquez. In addition, Velasquez was represented in the forfeiture action by Steven Askin. After Mr. Askin surrendered his law license, Cinda Scales, Esq., was assigned to represent Velasquez. Ultimately, Ms. Scales filed a motion to withdraw as counsel claiming that Velasquez refused to execute an authorization for her to represent him in the forfeiture action.[3]

At some point during the proceedings, the circuit court also appointed the Public Defender Corporation as guardian *ad litem* for Velasquez. Notwithstanding this appointment, the court did not release Mr. Camilletti from his representation as guardian *ad litem* at that time. The Public Defender Corporation, presumably by its employee Deborah Lawson [hereinafter collectively referred to as the "PDC"], filed a response to the forfeiture petition and a trial schedule was established.

At a subsequent pre-trial conference, Mr. Camilletti and the PDC both moved for leave to withdraw from representation as guardian *ad litem* for Mr. Velasquez. The circuit court granted Mr. Camilletti's motion, denied

---

1. Apparently, Mr. Askin was privately retained by Velasquez.

2. The parties do not indicate whether the second lawyer was appointed by the court or whether he was privately retained by Velasquez.

3. Ms. Lawson and the Public Defender Corporation submit that Velasquez objected to representation by Ms. Scales primarily because he believed that he had made adequate provision through Mr. Askin for payment of retained counsel to represent him in the forfeiture proceeding.

the PDC's motion, and apparently clarified that the PDC was to act in the capacity of guardian *ad litem*, and not in any manner as counsel for Velasquez. The PDC contends that throughout the pre-trial conference, Mr. Velasquez objected to being represented by the PDC. Mr. Velasquez apparently asserted two reasons for his objection. First, he felt he should be represented by counsel that he had retained (presumably Askin). Second, he believed the PDC, as an agency of the State, had an inherent conflict of interest in representing him.

Nevertheless, a jury trial was held in the civil forfeiture action wherein Velasquez appeared pro se, and the PDC appeared as his guardian *ad litem*. Prior to and during the course of the jury trial, numerous motions were made and argued on behalf of Velasquez, many of which were identical to motions previously raised in Velasquez's criminal trial. After hearing the evidence and the arguments of the parties, the jury returned a verdict in favor of the State, thereby permitting the forfeiture of Velasquez's above described property. In its order entering the jury verdict, the circuit court appointed the PDC to represent Velasquez in any appeal taken on this matter. Although the order does not indicate that the PDC was to act in the capacity of guardian *ad litem*, the PDC contends that it was in fact appointed only in that capacity.

Thereafter, the PDC again moved for leave to withdraw as guardian *ad litem* for Velasquez. The PDC alleged that no valid ground for appeal existed and that filing a petition for appeal in this civil proceeding would subject the PDC to sanctions under Rule 11 of the West Virginia Rules of Civil Procedure. The Circuit Court of Jefferson County, by its order entered November 4, 1997, denied the motion. Explaining its denial of the PDC's motion, the court stated:

Upon consideration, it is this Court's opinion that the relevant standard to be applied in consideration of this motion is that set forth in the case of *Turner v. Haynes*, 162 W.Va. 33, 245 S.E.2d 629 (1978), and its progeny. Even though this case is a civil action and one for which the Supreme Court of Appeals has not granted a right to court-appointed counsel, the claimant herein is under a legal disability and is entitled to representation by a guardian *ad litem*. This court finds that once a right to representation, of whatever nature, has attached, that right remains in place until a court of competent jurisdiction makes a final ruling on appeal. The West Virginia Supreme Court of Appeals accordingly is the body which must make a determination on the merits of an appeal, or lack thereof.

This order has the practical effect of compelling the PDC to pursue an appeal of the civil forfeiture action in spite of the fact that the PDC strongly believes that the appeal has no merit.[4] The PDC has rather inartfully framed the issue raised in prohibition. However, we perceive that the PDC asks this Court to prohibit the circuit court from requiring it to bring such an appeal.

## II.

### DISCUSSION

#### A.

*Writ of Prohibition*

We have repeatedly stated the general rule with respect to the propriety of the extraordinary remedy of prohibition as follows: "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va. Code*, 53–1–1." Syl. pt. 2, *State ex rel.*

4. The PDC also contends that a groundless appeal would subject it to possible sanctions under Rule 11 of the West Virginia Rules of Civil Procedure. In this case, the PDC has not been asked to assist Velasquez in *bringing a civil action*. Rather, it has been asked to assist him in *pursuing an appeal*. Consequently, Rule 11 would not apply. With respect to the PDC's concerns; however, we note that this Court does have the inherent authority to impose sanctions for frivolous appeals. In addition, bringing a frivolous appeal could subject an attorney to disciplinary action. *See* W.Va.R.Prof.Conduct, Rule 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous; which incudes a good faith argument for an extension, modification or reversal of existing law.").

*Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). In its petition, the PDC provided no specific argument as to why prohibition is appropriate in this case. However, we surmise that the PDC's argument, had it been made, would have been that prohibition should issue because the circuit court exceeded its legitimate powers.

In this regard, we have held:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). Moreover, we have explained that "[m]andamus, prohibition and injunction against judges are drastic and extraordinary remedies.... As extraordinary remedies, they are reserved for really extraordinary causes." *State ex rel. Suriano v. Gaughan*, 198 W.Va. 339, 345, 480

S.E.2d 548, 554 (1996) (internal quotations and citations omitted). With due consideration for these standards, we have thoroughly contemplated the issue raised and find that the circuit court exceeded its legitimate powers by appointing a guardian *ad litem* for an incarcerated convict with respect to a civil forfeiture action brought pursuant to the *West Virginia Contraband Forfeiture Act*, W.Va.Code §§ 60A–7–701, *et seq.* Because the court exceeded its legitimate powers by appointing a guardian *ad litem* for Velasquez in the civil forfeiture action, itself, the court likewise may not compel such guardian to pursue an appeal of that action on behalf of Velasquez.

*B.*

*Guardian Ad Litem*

Rule 17(c) of the West Virginia Rules of Civil procedure requires, in relevant part, the appointment of a guardian *ad litem* for a convict not otherwise represented in an action.[5] Clarifying this rule, we have held:

"In the absence of an express written waiver of his [or her] right to a committee under W.Va.Code, 28–5–36, or a guardian ad litem under Rule 17(c) of the West Virginia Rules of Civil Procedure, a suit cannot be *directly maintained against a prisoner.*" Syl. pt. 2, *Craigo v. Marshall*, 175 W.Va. 72, 331 S.E.2d 510 (1985).

Syl. pt. 3, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995) (emphasis added). From this holding, it is apparent that an otherwise unrepresented prisoner is entitled to a guardian *ad litem* only when an action is directly maintained against him or her. In the case *sub judice*, the circuit court treated the civil forfeiture action as an action directly maintained against Velasquez. Therefore, the circuit court appointed a guardian *ad litem* to protect his interests in

---

**5.** The full text of Rule 17(c) of the West Virginia Rules of Civil Procedure provides:

(c) *Infants, incompetent persons, or convicts.*— Whenever an infant, incompetent person, or convict had a duly qualified representative, such as a guardian, curator, committee or other like fiduciary, such representative may sue or defend on behalf of the infant, incompetent person, or convict. If a person under any disability does not have a duly qualified representative he may sue by his next friend. The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or the court shall make such other order as it deems proper for the protection of any person under disability.

that action. Because we conclude that a civil forfeiture action is a civil *in rem* proceeding that is not directly maintained against the owner of forfeitable items, but against the forfeitable items, themselves, we find the lower court erred.

The *West Virginia Contraband Forfeiture Act* (hereinafter "the Act") provides for state seizure and disposition of items used in connection with illegal activities involving controlled substances. *See* W.Va.Code § 60A–7–703 (1988) (Repl.Vol.1997) (enumerating items subject to forfeiture and persons authorized to seize forfeitable items); W.Va. Code § 60A–7–706 (1988) (Repl.Vol.1989) (providing for "[d]isposition of forfeited moneys, securities or other negotiable instruments"); and W.Va.Code § 60A–7–707 (1988) (Repl.Vol.1989) (specifying method of disposition for forfeited property other than that addressed in W.Va.Code § 60A–7–706).[6]

■ Although the Act does not explicitly state that forfeiture pursuant to its provisions is a civil action *in rem*, a careful review of the Act reveals that such is the case. First, the forfeiture of items under the Act does not depend upon the guilt of the owner of the items. Instead, in a forfeiture action, the question is whether the items themselves may be associated with criminal activity related to controlled substances. W.Va.Code § 60A–7–703. Moreover, the Legislature has declared that forfeiture proceedings under the Act are civil proceedings, thus eliminating any doubt that they may be criminal actions against an individual. W.Va.Code § 60A–7–705(a)(1) (1988) (Repl.Vol.1997).[7] *See also State v. Greene*, 196 W.Va. 500, 473 S.E.2d 921 (1996) (holding that civil forfeiture provisions found in W.Va.Code §§ 60A–7–703(a)(2) and (4) are not punitive for pur-

poses of constitutional guarantees against double jeopardy). Furthermore, the circuit court has jurisdiction over a forfeiture proceeding only after gaining control over the item(s) to be forfeited. *See* W.Va.Code § 60A–7–705 (requiring seizure, by the state, of the item(s) sought to be forfeited); W.Va. Code § 60A–7–704(a) (1988) (Repl.Vol.1989) (providing that, subject to certain enumerated exceptions found in W.Va.Code § 60A–7–704(b), seizure of items subject to forfeiture "may be made upon process issued by any court of record *having jurisdiction over the property* ").[8] Finally, we note that the Act is similar to the federal civil forfeiture statute, which has been determined to create a civil *in rem* claim. *See* 21 U.S.C. § 881 (1994) (1994 ed.) (Forfeitures). *See also United States v. Ursery*, 518 U.S. 267, 287–89, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549, 568 (1996) (explaining that civil forfeiture under 21 U.S.C. 881 is a proceeding *in rem*); *United States v. Winston–Salem/Forsyth County Bd. of Educ.*, 902 F.2d 267, 271 (4th Cir.1990) (stating "[f]ederal forfeitures under section [21 U.S.C.] 881 are civil in nature and are in rem proceedings" (citing *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir.1989))).

■ Based upon the foregoing discussion, we hold that a forfeiture action brought under the *West Virginia Contraband Forfeiture Act*, W.Va.Code §§ 60A–7–701, *et seq.*, is an action *in rem* that is brought against the item(s) sought to be forfeited, and not an action against the owner of such item(s). *See United States v. $22,155.00, More or Less, in United States Currency*, 821 F.Supp. 424, 425 (S.D.W.Va.1993) (reasoning that "forfeitures under W.Va.Code § 60A–7–701, *et seq.*, resemble civil *in rem* claims against the

---

6. W.Va.Code §§ 60A–7–706 and 707 (1988) (Repl.Vol.1989) were amended in 1996, after the forfeiture action against Velasquez's property had been initiated. However, the changes were minor and bear no relation to the issue addressed in this opinion.

7. Although W.Va.Code § 60A–7–705(b) (1988) (Repl.Vol.1997) provides that the lawful owner or owners of forfeitable property be served with a copy of the petition for forfeiture, and be advised of their right to answer the petition and assert their right to possession of such property, this does not create an *in personam* action.

Rather, the purpose of such service is to protect the property owner's due process rights. *See, e.g., United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir.1991) (recognizing that "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally-disfavored remedy of forfeiture") (citations omitted).

8. W.Va.Code § 60A–7–704 (1988) (Repl.Vol. 1989) was also amended in 1996. *See supra* note 6.

property itself, rather than criminal *in personam* actions against the property's owner," as forfeiture actions are designated as civil actions under W.Va.Code § 60A-7-705(a)(1); and explaining that "[t]he culpability of the actual owner is not directly in issue; [rather] the central question is whether the *property* derives from illegal drug transactions. W.Va.Code § 60A-7-703(a).").[9]

As we explained above, under Rule 17(c) of the West Virginia Rules of Civil Procedure, an otherwise unrepresented prisoner is entitled to a guardian *ad litem* only when an action is directly maintained against the convict. Syl. pt. 3, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593. Consequently, we hold that Rule 17(c) of the West Virginia Rules of Civil Procedure does not require appointment of a guardian *ad litem* for an otherwise unrepresented convict whose property is subject to a civil forfeiture action pursuant to the *West Virginia Contraband Forfeiture Act*, W.Va.Code §§ 60A-7-701, *et seq.*, as such an action is maintained against the property, and is not directly maintained against the owner convict. *See Matter of*

*Property Seized from Hickman*, 533 N.W.2d 567 (Iowa 1995) (interpreting a similar rule of civil procedure and concluding that incarcerated property owner was not entitled to guardian *ad litem* with respect to civil forfeiture action because defendant in that action was the property).

In the present case, the circuit court apparently misinterpreted Rule 17(c) when it appointed a guardian *ad litem* for Velasquez in the civil forfeiture proceeding. In so doing, the court exceeded its legitimate powers. Because the PDC was erroneously appointed as guardian *ad litem* in the first instance, it should not, and cannot, be compelled to pursue an appeal of this matter.

## III.

## CONCLUSION

For the foregoing reasons, we find that the Circuit Court of Jefferson County is prohibited from requiring the Public Defender Corporation to serve as Guardian *ad litem* to Velasquez, an incarcerated convict, for pur-

---

9. Other courts have reached a similar conclusion. *See, e.g., State v. Rossitto*, 331 A.2d 385, 387 (Del.Supr.1994) (observing that "[a] forfeiture proceeding is by nature a civil action *in rem* ... and thus not personal to defendant" (citations omitted)); *People v. United States Currency $3,108*, 219 Ill.App.3d 441, 444, 162 Ill.Dec. 137, 140, 579 N.E.2d 951, 954 (1991) (stating "[f]orfeiture proceedings are *in rem* and therefore civil in nature" (citations omitted)); *Bozman v. Office of Fin. of Baltimore County*, 52 Md.App. 1, 6, 445 A.2d 1073, 1076 (1982) (explaining that "Maryland, as do most of the states, treats forfeiture as an action *in rem*, prosecuted against the property because of its connection with a crime" (citations omitted)); *In re Forfeiture of $30,632.41*, 184 Mich.App. 677, 678, 459 N.W.2d 99, 100 (1990) (per curiam) ("Forfeiture proceedings are in rem civil proceedings." (citations omitted)); *State v. Meister*, 866 S.W.2d 485, 489 (Mo.App.1993) ("*In rem* forfeitures are 'confiscations of property rights based on improper use of the property, regardless of whether the owner has violated the law.'" (citation omitted)); *State v. Moriarty*, 97 N.J.Super. 458, 473, 235 A.2d 247, 255 (1967) (recognizing generally that "[i]n the common law type of forfeiture the actions are *in personam* for a money judgment against defendant, while suits upon the legislative forfeitures are *in rem*, not against the owner or possessor of the property but against the property itself, which is treated as the real offender"); *State v. Ziepfel*, 107 Ohio App.3d 646, 650, 669 N.E.2d 299, 302 (1995)

("*[I]n rem* forfeitures ... are 'confiscations of property rights based on the improper use of the property, regardless of whether the owner has violated the law.'" (citation omitted)); *State v. 1983 Toyota Corolla*, 879 P.2d 830, 835 (Okla. App.1994) ("[F]orfeiture is an *in rem* proceeding brought against property utilizing a legal fiction that the property is guilty of the crime and is, in essence, a fine." (citation omitted)). *See also* 36 Am.Jur.2d *Forfeitures and Penalties* § 1, at 611 (1968) (explaining that forfeiture "is an action against the res, the property itself, and the effect of a forfeiture is to transfer the title to the specific thing from the owner to the sovereign power" (footnotes omitted)); 37 C.J.S. *Forfeitures* § 2, at 6 (1997) ("A civil forfeiture action is an in rem proceeding against specific pieces of property, in which the property seized is the defendant. An in rem forfeiture is a confiscation of property rights based on the improper use of property, regardless of whether or not the owner has violated the law. The underlying rationale for the principle of civil in rem forfeiture is a legal fiction that it is the inanimate object itself, not its possessor or owner, which is guilty of the offense or wrongdoing. Thus, the forfeiture constitutes the exercise of jurisdiction over the res." (footnotes omitted)); 14B Michie's Jurisprudence *Penalties and Forfeitures* § 4, at 68 (1988) ("The proceedings under statutes of forfeiture are proceedings in rem against the property, and the guilt or innocence of the owner has nothing to do with the liability of the property to forfeiture.").

poses of appealing the civil forfeiture of property owned by him.

Writ granted as moulded.