# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas B.,**
**Petitioner Below, Petitioner**

**FILED**

**February 22, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 11-1454** (Kanawha County 99-D-2310)

**Bureau for Child Support Enforcement and**
**Kiyomi J., Respondents Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Thomas B., *pro se*, appeals the circuit court's September 29, 2011 order refusing his appeal from the family court's July 29, 2011 order denying his petition for modification of child support, because support had already been set at the statutory minimum, and finding that there were no issues requiring the appointment of a Guardian ad litem for petitioner as a person under a disability. Respondent Bureau for Child Support Enforcement ("BCSE"), by Kimberly D. Bentley, its attorney, filed a response to which petitioner filed a reply.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner was first adjudicated the father of the minor child in this case in 2000.[2] By an order entered July 7, 2000, the Circuit Court of Kanawha County adjudged petitioner to be the father by default and set his child support obligation at $188 per month.

On February 13, 2009, the BSCE filed a petition for modification of child support in the Family Court of Kanawha County noting that petitioner was incarcerated[3] and that his projected

---

[1] The respondent mother did not file a response.

[2] The child was born on October 24, 1999.

[3] *See* Syl. Pt. 6, *Adkins v. Adkins*, 221 W.Va. 602, 656 S.E.2d 47 (2007) ("The support obligation of an incarcerated person should be set in light of that person's actual earnings while incarcerated

release date was likely greater than six months from the filing of its modification petition.[4] During the pendency of its petition, the BSCE also presented the family court with petitioner's request that genetic testing be performed.

By an order entered April 27, 2009, the family court reduced petitioner's child support obligation to $50 per month finding that "[s]ince the [July 7, 2000,] order was entered, there has been a significant change in circumstances as father is currently incarcerated." The family court further ordered that petitioner's support obligation shall automatically revert back to $188 per month once he is released from incarceration and that judgment on arrears shall be held in abeyance. By an order entered August 13, 2009, the family court confirmed petitioner's paternity of the minor child finding that "paternity test results . . . were filed which show a statistical probability of paternity of 99.99%."

On June 2, 2011, petitioner filed a petition for modification of child support asserting that his child support obligation should be set at $0 per month because of his incarceration. He also filed for a motion for a Guardian ad litem to be appointed on his behalf.

The family court conducted a hearing on petitioner's modification petition on July 18, 2011, at which the BCSE appeared by counsel and petitioner appeared, *pro se*, via telephone. The respondent mother did not appear. The family court denied both petitioner's petition and his motion for a Guardian ad litem finding that "[c]hild support is already set at the statutory minimum[5] and there are no legal issues requiring the appointment of a guardian ad litem." Petitioner appealed to the circuit court which refused his appeal.

---

and other assets of the incarcerated person practically available to provide such support.").

[4] According to the BCSE, petitioner became incarcerated around August of 2007, and that it was not advised of his incarceration until December of 2008.

[5] "[T]he Legislature has made clear that child support obligations continue even when a parent is imprisoned." *Adkins v. Adkins*, 221 W.Va. 602, 607, 656 S.E.2d 47, 52 (2007) (citing W.Va. Code § 25-1-3c) (footnote omitted). In addition, West Virginia Code § 48-13-302 provides as follows:

> If combined adjusted gross income is below five hundred fifty dollars per month, which is the lowest amount of income considered in the table of monthly basic child support obligations set forth in subsection (a) of this section, the basic child support obligation *shall* be set at fifty dollars per month or a discretionary amount determined by the court based on the resources and living expenses of the parents and the number of children due support.

(emphasis added).

2

STANDARD OF REVIEW

In Syllabus Point One of *Adkins v. Adkins*, 221 W.Va. 602, 656 S.E.2d 47 (2007), this Court held as follows:

> "In reviewing a final order of a family court judge that is appealed directly to this Court, we review findings of fact by a family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." [Syl. Pt. 1,] *May v. May,* 214 W.Va. 394, 589 S.E.2d 536 (2003).

DENIAL OF PETITIONER'S MOTION FOR A GUARDIAN AD LITEM

Petitioner argues that the family court erred in denying his motion to be appointed a Guardian ad litem, citing, *inter alia*, *State ex rel. Lawson v. Wilkes*, 202 W.Va. 34, 38, 501 S.E.2d 470, 474 (1998) ("Rule 17(c) of the West Virginia Rules of Civil [P]rocedure requires, in relevant part, the appointment of a guardian *ad litem* for a convict not otherwise represented in an action.") (footnote omitted). However, this Court in *Lawson* reiterated that "[i]n the absence of an express written waiver of his right to a committee under W.Va. Code, 28-5-36, or a guardian ad litem under Rule 17(c) of the West Virginia Rules of Civil Procedure, a suit cannot be *directly maintained against a prisoner*. [citations omitted]" 202 W.Va. at 38, 501 S.E.2d at 474 (emphasis by the Court). The BSCE notes that petitioner was the party who filed the petition, so he was the one bringing the instant proceeding. The BSCE further notes that petitioner appeared at the hearing on his petition via telephone. *See* Syl. Pt. 2, in part, *Quesinberry v. Quesinberry*, 191 W.Va. 65, 443 S.E.2d 222 (1994) (Under Rule 17(c), "the appointment of a guardian *ad litem* for an incarcerated convict in a civil action is not mandatory if the court can reasonably order another appropriate remedy while the convict remains under the legal disability of incarceration."). Therefore, after careful consideration of the parties' arguments, this Court concludes that the family court did not abuse its discretion in denying petitioner's motion to be appointed a Guardian ad litem.

DENIAL OF PETITIONER'S PETITION FOR
MODIFICATION OF CHILD SUPPORT

Petitioner asserts that the monthly "gratuity" he receives for his prison work assignment is less than the minimum child support payment and is not considered income under the applicable statute. Petitioner argues that under *Adkins*, supra, his pre-incarceration income from employment earnings cannot be attributed as income for child support purposes while he is incarcerated. Petitioner notes that the respondent mother has been able to claim the dependent child exemption on her income tax returns. Petitioner states that for 2010, that exemption was $3,650. Petitioner asserts that $3,650 easily exceeds his total earnings since 2009. Petitioner further asserts the fact that there is a child support obligation he cannot meet exposes him to the termination of his parental rights. In response, the BCSE argues that termination of parental rights is not a direct

consequence of a failure to pay child support. The BCSE argues that this Court recognized in *Adkins* that the legislature intended child support obligations to continue even when a parent is incarcerated. The BCSE also informs that petitioner has been making almost monthly payments since 2009. While it is not the full amount petitioner owes, the BCSE states that it has received payments of $18.36 per month from prison officials. Therefore, after careful consideration of the parties' arguments, this Court concludes that the family court did not abuse its discretion in denying petitioner's petition for modification of child support.

For the foregoing reasons, we find no error in the decision of the Family Court of Kanawha County. The September 19, 2011 order of the Circuit Court of Kanawha County refusing petitioner's appeal of the family court's July 29, 2011 order denying his petition for modification of child support because support had already been set at the statutory minimum, and finding that there were no issues requiring the appointment of a Guardian ad litem, is affirmed.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II