# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael J. Kanode Sr.,**
**Plaintiff Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1347** (Mercer County 12-C-300)

**Captain Mike Gills and Mercer County Sheriff's**
**Department, Defendants Below,  Respondents**


## MEMORANDUM DECISION

Petitioner Michael J. Kanode Sr., appearing *pro se*, appeals the order of the Circuit Court of Mercer County, entered October 16, 2012, that dismissed his civil action that was based on 42 U.S.C § 1983. Respondents Captain Mike Gills, Sheriff Don Meadows, and Mercer County Sheriff's Department, by counsel Chip E. Williams and Daniel J. Burns, filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was convicted of malicious assault, burglary, attempted murder in the first degree, violation of a protective order, wanton endangerment, and assault during the commission of a felony following an attack on his then wife. Petitioner was sentenced, originally, to serve fourteen to fifty-six years in prison. Petitioner's direct appeal was refused on April 8, 2009.

Petitioner subsequently filed a petition for a writ of habeas corpus. On December 15, 2011, the circuit court granted petitioner partial relief. The circuit court vacated petitioner's convictions for wanton endangerment, burglary, and assault during the commission of a felony; but affirmed his convictions on the counts of violation of a protective order, malicious assault, and attempted first degree murder. This Court subsequently affirmed the circuit court's order in *Kanode v. Plumley*, No. 12–0451, 2013 WL 2462164 (W.Va. Supreme Court, June 7, 2013) (memorandum decision).

On May 18, 2012, petitioner filed the instant action under 42 U.S.C § 1983 against

---

[1] Respondents also filed a motion to dismiss the appeal. Because this Court can dispose of the appeal on its merits, *see infra*, we dismiss the motion as moot.

1

respondents. First, petitioner alleged that Respondent Gills: (1) failed to properly investigate the events that led to petitioner's convictions; (2) discriminated against petitioner during the investigation that led to petitioner's convictions; (3) made slanderous remarks about petitioner's mental health status; (4) defamed petitioner's character in a 2012 presentence report; (5) harassed petitioner and his family; (6) embarrassed petitioner and his family; (7) humiliated petitioner and his family, and (8) committed "many other tortious acts." Petitioner next alleged that Respondent Meadows: (1) discriminated against petitioner because of petitioner's name and reputation; (2) denied petitioner fair treatment and "normal privileges" because of petitioner's name and reputation in the community; and (3) allowed the Respondent Sheriff's Department to discriminate against petitioner, slander petitioner's name, and harm petitioner's reputation.[2]

Respondents filed a motion to dismiss. At a September 28, 2012 hearing on the motion, petitioner appeared *pro se*. On October 16, 2012, the circuit court dismissed the action and concluded as follows:

> 15. This Court **FINDS** that all claims against [respondents], with the exception of the claims relation to the 2012 [presentence report], are to be dismissed as they [were] filed outside the applicable statutes of limitations. With regard to the 2012 [presentence report], this Court **FINDS** that the statements are protected speech as they were made [to the probation officer preparing the report] while [Respondent] Gills was acting in his official capacity as a police officer and were not publicly disseminated.[3] This Court **FINDS** that the facts alleged by [petitioner] with regard to the statements of [Respondent Gills] in the [presentence reports] are insufficient to maintain a cause of action under a theory of a continual tort.

> 16. This Court further **FINDS** that, even if the statutes of limitations had not lapsed, the claims against [respondents] would be barred by political subdivision immunity under West Virginia § 29-12A-4 as well as the qualified immunity afforded to government officials.

> 17. Finally, this Court **FINDS** that [petitioner] has failed to assert the requisite allegations to maintain a cause of action under the Equal Protection Clause for unequal treatment.[4]

---

[2] Petitioner sought unspecified compensatory and punitive damages for economic loss, harm to reputation, harm to business reputation, humiliation, embarrassment, etc.

[3] *See Crump v. Beckley Newspapers, Inc.*, 173 W.Va. 699, 707-08, 320 S.E.2d 70, 78-79 (1983) (listing types of situations in which qualified privilege has been recognized).

[4] The circuit court found that petitioner's allegations of discrimination against respondents

Petitioner now appeals the circuit court's October 16, 2012 order. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal,[5] petitioner argues that his complaint stated a claim upon which relief could be granted.[6] Respondents agree with the circuit court's findings that petitioner's various allegations are barred by the applicable statutes of limitations and qualified immunity. Respondents further assert that petitioner's allegations failed to state a claim for unequal treatment under the Equal Protection Clause. Accordingly, respondents argue for the affirmation of the circuit court's October 16, 2012, order dismissing petitioner's action.

"[L]iberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." *Par Mar v. City of Parkersburg*, 183 W.Va. 706, 711, 398 S.E.2d 532, 537 (1990) (dismissals of complaints containing only conclusory allegations without the support of material factual allegations will be upheld) (Internal quotations and citations omitted.). After a review of the complaint, this Court finds that the circuit court correctly determined that petitioner's allegations of unequal treatment were conclusory in nature and, therefore, insufficient to state a claim under the Equal Protection Clause. Petitioner's other claims were barred by the applicable statutes of limitations, by political subdivision and qualified immunities, and/or based on

statements privileged as protected speech. Therefore, we conclude that the circuit court did not err in dismissing the action.[7]

---

were only conclusory in nature.

[5] On May 15, 2013, this Court granted petitioner's motion to proceed on a designated record. The record was subsequently received on June 14, 2013. Pursuant to the May 15, 2013 order, petitioner was required to file an amended brief on or before July 31, 2013, with appropriate citations to the designated record. However, petitioner failed to file an amended brief. Accordingly, we have considered the parties' initial briefs in deciding this appeal.

[6] Petitioner also argues that the circuit court should have appointed him either an attorney or a guardian ad litem; however, this argument is totally devoid of merit. First, petitioner was the party bringing the action and, as such, he was not entitled to the appointment of a guardian ad litem. *See State ex rel. Lawson v. Wilkes,* 202 W.Va. 34, 38, 501 S.E.2d 470, 474 (1998). Second, the circuit court had the Division of Corrections transport petitioner to the Mercer County Courthouse for the September 28, 2012, hearing on respondents' motion to dismiss. *See* Syl. Pt. 2, in part, *Quesinberry v. Quesinberry,* 191 W.Va. 65, 443 S.E.2d 222 (1994) ( "[T]he appointment of a guardian *ad litem* for an incarcerated convict in a civil action is not mandatory if the court can reasonably order another appropriate remedy while the convict remains under the legal disability of incarceration.").

[7] We further note that the doctrine of *res judicata* would now bar many of petitioner's claims against Respondent Gills and the Respondent Sheriff's Department. *See Kanode v. Gills*,

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

No. 11–1782, 2013 WL 2301207 (W.Va. Supreme Court, May 24, 2013) (memorandum decision) (affirming dismissal of a prior action filed by petitioner under 42 U.S.C § 1983 alleging, inter alia, that law enforcement officers did not properly investigate various aspects of petitioner's criminal case); *Kanode v. Swope*, No. 12-0580, 2013 WL 1859162 (W.Va. Supreme Court, May 3, 2013) (memorandum decision) (affirming dismissal of a prior action filed by petitioner under 42 U.S.C § 1983 alleging, inter alia, that the Sheriff's Department engaged in unlawful arrests, searches, and seizures; used excessive force; and participated in a conspiracy against petitioner); *See* Syl. Pt., 1, *Antolini v. West Virginia Division of Natural Resources,* 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principle of res judicata).