# IN THE COURT OF APPEALS OF IOWA

No. 13-1760
Filed June 10, 2015

IN THE MATTER OF PROPERTY
SEIZED FOR FORFEITURE FROM
ALONZO HENDERSON

**ALONZO HENDERSON,**
        Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Alonzo Henderson appeals an order forfeiting $6113 in cash to the State.
**AFFIRMED.**

Alonzo Henderson, Anamosa, pro se.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

This is an appeal of an in rem forfeiture action under Iowa Code chapter 809A (2013). The State initiated the action to forfeit $6113 in cash, alleging the money was "[p]roceeds from and/or used to facilitate the illegal sale(s) of controlled substance(s)." Alonzo Henderson filed a pro se response, stating he had an interest in the seized property and denying the property was involved in criminal activity. He also filed an application for appointment of counsel, which the district court denied. Following a hearing, the court ordered the $6113 forfeited to the State, noting Henderson failed to file a sworn answer as required by section 809A.13. Henderson's motion to reconsider was denied.

On appeal, Henderson contends he was entitled to appointment of a guardian ad litem. He also contends there was insufficient evidence to support the forfeiture because the State failed to prove criminal activity. We review his claims for the correction of errors at law. *See* Iowa R. App. P. 6.907.

We find no merit to Henderson's claims. A claimant in an in rem forfeiture action is not entitled to appointment of a guardian ad litem under Iowa Rule of Civil Procedure 1.211. *In re Property Seized from Hickman*, 533 N.W.2d 567, 568 (Iowa 1995). Further, because Henderson failed to provide us with a transcript of the forfeiture hearing, *see* Iowa R. App. P. 6.803(1) (requiring the appellant to order a transcript of the proceedings if arguing a finding is unsupported by the evidence), we affirm. *See Estes v. Progressive Classic Ins. Co.*, 809 N.W.2d 111, 115-16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment.").

**AFFIRMED.**