# IN THE COURT OF APPEALS OF IOWA

No. 16-0288
Filed September 28, 2016

**CITY OF DES MOINES, IOWA,**
    Plaintiff-Appellant,

**vs.**

**BANK OF NEW YORK MELLON, as TRUSTEE FOR HOLDERS CQCC SERIES 2001 1F; IN REM LOT 18 IN BLOCK 3 IN GRASS ROOTS 1, AN OFFICIAL PLAT NOW INCLUDED IN AND FORMING A PART OF THE CITY OF DES MOINES, POLK COUNTY, IOWA; and UNKNOWN HEIRS TO ERNEST W. WHITE a/k/a EARNEST W. WHITE,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.


The City of Des Moines claims the district court erred by requiring the appointment of a guardian ad litem for the property interests of unknown heirs. **REVERSED AND REMANDED.**


Jessica D. Spoden, Assistant City Attorney, Des Moines, for appellant.

No appearance for appellees.


Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

The City of Des Moines (the City) appeals the district court's ruling denying its request for a default in rem judgment against certain property. The City claims the district court erred in requiring the appointment of a guardian ad litem for unknown heirs. We find Iowa Rules of Civil Procedure 1.211 and 1.212 do not apply to an in rem action. We reverse and remand.

## I. Background Facts and Proceedings

The City received a complaint and request for inspection of a house owned by Ernest W. White in July 2013. The City made an inspection of the house the next day and determined it constituted a public nuisance under the city code. Notice was sent to White in August 2013, and the City re-inspected the property later in the month but found no improvement. In October 2013, the City determined the property was vacant. The City again re-inspected the property in December 2013 and January 2014, finding no improvement. In February, the City directed its legal department to bring an action condemning the house and declaring it a public nuisance. The City learned that White died in April 2014, and in May the City filed a petition against White's estate and the Bank of New York Mellon, as mortgage holder of record, asking the court to declare the house to be a public nuisance. The property was again inspected in July and September 2015, and again no improvements were noted.

In August, the City filed an amended petition to substitute unknown heirs of White's estate. The City served the Bank of New York Mellon and also served by publication all other entities and individuals throughout September and lastly on October 23, 2015. The City then filed a motion for default judgment. The

district court denied the motion for default, determining a guardian ad litem must be appointed in order to represent the interests of the unknown heirs. The City filed a motion for reconsideration, which was granted in regard to the Bank of New York Mellon's interests, but the district court continued to require the appointment of the guardian ad litem for the unknown heirs. The City timely made an application for interlocutory appeal, and our supreme court granted the motion for in February 2016.

## II. Standard of Review

"[W]e review the interpretation of our rules of civil procedure for correction of errors at law." *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012). We apply the principles of statutory construction to the Iowa Rules of Civil Procedure. *State v. Dann*, 591 N.W. 2d 635, 638 (Iowa 1999).

## III. Appointment of a Guardian Ad Litem

The City claims the district court erred by requiring a guardian ad litem be appointed to protect the interests of unknown heirs. The district court may not enter a judgement against a party who is "a minor, or confined in a penitentiary, reformatory or any state hospital for the mentally ill, or one adjudged incompetent, or whose physician certifies to the court that the party appears to be mentally incapable of conducting a defense" without the appointment of a guardian ad litem. Iowa R. Civ. P. 1.211. The district court relied on this rule to order the appointment of a guardian "to represent the interests of any potential unknown claimants in the subject real estate."

**In Rem Actions**

The City claims the rule should not apply as this action is brought in rem against the property. Rule 1.211 only applies to judgements against a party. Judgements in rem are entered against the property at issue and therefore do not require the appointment of a guardian. "In determining what constitutes the subject matter of the litigation, it is necessary to examine the prayer of the plaintiff's petition." *Fed. Land Bank of Omaha v. Jefferson*, 295 N.W. 855, 857 (Iowa 1941); *see also Griffith v. Milwaukee Harvester Co.*, 61 N.W. 243, 245 (Iowa 1894) (holding an action is in rem if the property at issue is sold to satisfy judgement and costs).

The motion for default judgment, which is the issue before us, addresses an in rem proceeding. The protections of rule 1.211 do not extend to actions in rem because "the defendant in a forfeiture proceeding is the property sought to be forfeited, not its owner." *In re Seized from Hickman*, 533 N.W.2d 567, 568 (Iowa 1995); *see also Point Builders, L.L.C. v. Shi Zhong Zheng*, No. 13-0119, 2013 WL 6405325, at *5 (Iowa Ct. App. Dec. 5, 2013) (holding incarcerated party did not require a guardian ad litem if the action was in rem). We hold no guardian ad litem is required in this in rem action.

**REVERSED AND REMANDED.**