# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0383** (Marion County CC-24-2012-F-168)

**Steven J. Dukes, aka Steven Young,**
**Defendant Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven J. Dukes, aka Steven Young, a self-represented litigant, appeals the Circuit Court of Marion County's March 27, 2019, order denying his motion for return of property. Respondent the State of West Virginia, by counsel Holly M. Flanigan, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The West Virginia State Police were involved in a drug investigation into Christine Swindler for distributing heroin, including a drug buy in which Ms. Swindler sold heroin. That drug buy led to Ms. Swindler cooperating with law enforcement, and she revealed that petitioner was her heroin supplier. At the direction of law enforcement, Ms. Swindler called petitioner and asked him to come to her home in order to pay him money she owed him and to request that he deliver more heroin. Law enforcement observed petitioner leaving his home and driving toward Ms. Swindler's home. Later, law enforcement obtained a warrant for petitioner's arrest due to a violation of his probation in another state. They conducted a traffic stop of petitioner's vehicle, during which they found heroin stamps on petitioner's person. Thereafter, a search of his home revealed additional heroin stamps and $3,500 in cash, in addition to a stolen gun, a scale, and large amounts of packaging materials.

Petitioner was indicted on one count of possession of a controlled substance with intent to deliver on June 4, 2012. Following a jury trial, petitioner was convicted of that charge. On August 27, 2012, petitioner filed his post-trial motions for a new trial and for a judgment of acquittal. Those motions were denied by an order entered on April 2, 2013. He appealed his conviction to

1

this Court, and it was affirmed. *State v. Dukes*, No. 13-0649, 2014 WL 1672948 (W. Va. Apr. 25, 2014) (memorandum decision).

The State filed a recidivist information on September 21, 2012, seeking enhancement of petitioner's sentence based on his three prior convictions: the instant conviction of possession of a controlled substance; a December 20, 2000, felony conviction on one count of possession of a deadly weapon by a prohibited person; and an April 30, 1992, felony conviction in North Carolina on one count of possession of cocaine. On February 11, 2012, the jury returned a verdict finding that petitioner was twice or more previously convicted of crimes punishable by penitentiary confinement as alleged in the recidivist information. On that same date, petitioner filed post-trial motions in the recidivist case, which were denied by order entered on April 2, 2013. Petitioner was sentenced on March 19, 2013, to a life sentence.

On June 8, 2012, the State filed a petition for forfeiture, in Marion County Case No. 12-P-89, pursuant to the West Virginia Contraband Forfeiture Act, West Virginia Code §§ 60A-7-701 to -707. In the petition, the State sought the forfeiture of $3,500 seized upon petitioner's arrest. On October 18, 2012, the circuit court held a full evidentiary hearing on that petition. During that hearing, testimony showed that a search of petitioner's residence revealed heroin stamps and $3,500, in addition to money used in the controlled buy that was the basis for his conviction. The circuit court granted the petition for forfeiture based upon the evidence presented during the hearing, in addition to its review of the DVD evidence as requested by petitioner. Petitioner then filed a "Motion for Appeal" with the circuit court, which was denied by that court. In its order denying that motion, the circuit court found that the State proved that the money seized at the time of petitioner's arrest was furnished in the exchange of controlled substances. Petitioner did not appeal that decision to this Court.

On March 7, 2019, petitioner filed a "Motion for Return of Property" with the circuit court in his criminal proceeding seeking the return of the money at issue. The circuit court denied that motion by order entered on March 27, 2019. In that order, the circuit court noted that it had reviewed the written motion and the court files in both of petitioner's cases. It found that petitioner was not entitled to the relief sought in his motion and that no hearing was warranted. Petitioner appeals from that order.

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). With regard to the circuit court's treatment of facts and its ultimate disposition, we have held, "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W. Va. 178, 469 S.E.2d 114 (1996).

On appeal, petitioner sets forth three assignments of error. First, he argues that the money should have been returned to him because the indictment and recidivist information do not properly allege the property was subject to forfeiture. Petitioner asserts that while the indictment and recidivist information plainly informed him of the character and cause of the accusations against him, neither properly alleged the property was subject to forfeiture under West Virginia Rule of

Criminal Procedure 7(c)(2). He, therefore, contends that the money should be returned to him.

At the outset, we note that the State admits that the indictment did not identify the property subject to forfeiture but contends that petitioner's argument is fundamentally erroneous because the property at issue was forfeited in Marion County Case No. 12-P-89 as an in rem civil proceeding pursuant to West Virginia Contraband Forfeiture Act. Pursuant to West Virginia Code § 60A-7-703(a)(7),

> [a]ll moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished in violation of this chapter by any person in exchange for a controlled substance, all proceeds traceable to the exchange and all moneys, negotiable instruments and securities used, or which have been used, or which are intended to be used to facilitate any violation of this chapter: Provided, That no property may be forfeited under this subdivision, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without his or her knowledge or consent [are subject to forfeiture.]

Further, West Virginia Code § 60A-7-704 provides, in relevant part:

> (a) Seizure of property made subject to forfeiture by the provisions of this article may be made upon process issued by any court of record having jurisdiction over the property.
> (b) Notwithstanding the provisions of subsection (a) of this section, seizure of property subject to forfeiture by the provisions of this article may be made without process if:
> (1) The seizure is incident to a lawful arrest or pursuant to a search under a search warrant or an inspection warrant; . . . .

It is undisputed that the State filed a petition for forfeiture before the circuit court, in Marion County Case No. 12-P-89, and that after the consideration of the evidence and arguments, the circuit court granted that petition. Petitioner did not appeal that October 31, 2012, order granting forfeiture. Therefore, the decision is final. Accordingly, we find there is no merit to petitioner's first assignment of error.

Petitioner next argues that the money should be returned to him because he did not waive his right to a committee or guardian ad litem throughout the underlying proceeding and none was appointed. According to petitioner, he is currently incarcerated at Mount Olive Correctional Complex and meets the definition of a "convict" pursuant to West Virginia Code § 2-2-10(o).[1] He also points to West Virginia Code § 28-5-36, which provides that

> [n]o action or suit shall be instituted by or against such convict after he is incarcerated, and all actions or suits to which he is a party at the time of his

---

[1] "The word "convict" means a person confined in a penitentiary or correctional facility of this or any other state, or of the United States[.]" W. Va. Code § 2-2-10(o).

incarceration shall abate, and continue so until revived by or against the committee, whose duty it shall be to prosecute or defend, as the case may be.

As a result, he asserts that the court "or clerk" should have appointed a discreet and competent attorney to serve as petitioner's guardian ad litem "or should have made such other order as it deemed proper for the protection of the petitioner in the forfeiture proceeding."

Petitioner's argument ignores this Court's key holdings in *State ex rel. Lawson v. Wilkes*, 202 W. Va. 34, 501 S.E.2d 470 (1998). In that case, we specifically found as follows:

> 2. A forfeiture action brought under the *West Virginia Contraband Forfeiture Act,* W.Va. Code §§ 60A-7-701, *et seq.,* is an action *in rem* that is brought against the item(s) sought to be forfeited, and not an action against the owner of such item(s)."
>
> 3. Rule 17(c) of the West Virginia Rules of Civil Procedure does not require appointment of a guardian *ad litem* for an otherwise unrepresented convict whose property is subject to a civil forfeiture action pursuant to the *West Virginia Contraband Forfeiture Act,* W.Va. Code §§ 60A-7-701, *et seq.,* as such an action is maintained against the property, and is not directly maintained against the owner convict.

Syl. Pts. 2 and 3, *State ex rel. Lawson*, 202 W. Va. at 35, 501 S.E.2d at 471. Under those holdings, it is clear that the circuit court was not required to appoint a guardian ad litem for petitioner, an otherwise unrepresented convict, in the forfeiture action.

Finally, petitioner asserts that the money should be returned to him because the State failed to introduce any evidence to substantiate a connection between the property seized and the illegal drug transaction. He argues that the State failed to demonstrate by a preponderance of the evidence that there was any connection between the property seized from petitioner's home and the drug buy at Ms. Swindler's home. Petitioner contends that the officers failed to follow clearly established drug buy protocols and that the money found in petitioner's home was not substantially the same money used to purchase heroin from Ms. Swindler.

In considering this allegation of error, we first note that petitioner's brief fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7), which requires as follows:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not*

*Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . ' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.*

The State filed its petition for forfeiture in 2012, alleging that the $3,500 at issue was seized after it was found pursuant to the execution of a lawful search warrant. The State further alleged that the seized property is subject to forfeiture pursuant to the West Virginia Contraband Forfeiture Act since it was money furnished or intended to be furnished in violation of West Virginia Code § 60A-1-10, et seq., by any person in exchange for a controlled substance. Following a full evidentiary hearing in that matter, Marion County Case No. 12-P-89, the circuit court entered its October 31, 2012, order granting forfeiture. Petitioner did not appeal that order. Instead, he waited until March 7, 2019, to try to relitigate those issues before the circuit court in the criminal case, Marion County Case No. CC-24-2012-F-168. Before issuing the order on appeal denying petitioner's motion, the circuit court reviewed the files in both the criminal and civil cases. It is apparent from the record before this Court that if petitioner sought to challenge the forfeiture of the property at issue, he could have appealed the circuit court's grant of the State's petition for forfeiture entered in 2012. However, he failed to do so. Due to his noncompliance with the West Virginia Rules of Appellate Procedure and his apparent desire to relitigate an issue decided in 2012, we decline to address the merits of petitioner's final assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison